# W. W. SPAULDING, RESPONDENT, *v.* FRANCIS KENNEDY, APPELLANT.

LEVY—HOW MADE ON PERSONAL PROPERTY—IN THE HANDS OF THIRD PERSONS HAVING NO INTEREST THEREIN.—Where an officer levies an execution upon personal property, in the hands of a third person, the bailee of the person claiming to be the owner, he is a trespasser. He cannot justify under such attempted levy in an action to recover possession of the property by the person so claiming. The fact that the bailee had no lien in the property is not material. The officer, when he finds the property, which he supposes belongs to the judgment-debtor in the possession of third persons, has no right to determine the right of possession, except in the manner provided by law.

APPEAL from Multnomah County.

Litchenthaler and Simpson were, on the ninth of November, 1875, the owners of a certain mare, the property in dispute, upon which they executed a chattel mortgage of that date in favor of the Granger Market Company. This mortgage was duly recorded and remained unsatisfied at the commencement of this action. Subsequently Litchenthaler and Simpson delivered the mare to the plaintiff, upon a second chattel mortgage, by them in his favor, executed subsequently to the one in favor of the Granger Market Company.

In March, 1876, one James Welch obtained a judgment against the Granger Market Company, upon which an execution was issued and placed in the hands of Kennedy, the appellant, who was a constable. Kennedy under this execution levied, as it is claimed, upon the mare, as the property of the Granger Market Company, by taking her from the possession of one Stemme, the bailee of the plaintiff Spaulding. Spaulding brought this action to recover possession.

On the trial the appellant Kennedy, to justify his taking, offered to prove the execution of the mortgage to the Granger Market Company, the judgment in favor of Welch, and the execution and proceedings had thereon including the alleged levy by himself, having shown that he was a constable.

To the introduction of the execution and indorsements thereon, among other objections was the following: "That the service of said execution should have been made on the plaintiff, he being in possession of said mare," as provided in Code, subdivision 3 of section 147, ch. 1, tit. 15. The court sustained this objection, and ruled that said execution was not proper evidence, to which ruling defendant excepted.

*W. W. Thayer, and R. F. Hansill*, for appellant.

*Page & Yocum*, for respondent.

By the Court, BOISE, J.:

This section of the statute (Civ. Code, subd. 3, sec. 147,)

provides in substance that where personal property of the judgment-debtor capable of manual delivery is not in possession of said judgment-debtor, but in the possession of another person, the property shall be attached or levied on by leaving with such person a certified copy of the writ and a notice specifying the property attached or levied upon.

The question presented is, who was in the lawful possession of this mare at the time of the levy? It is contended by the appellant that the mortgagee of personal property has the lawful constructive possession of the same by virtue of the mortgage as the owner thereof. And that as the Granger Market Company, the defendant in the execution, held this unsatisfied mortgage on the mare, the lawful possession was in them at time of the levy.

Whatever may be the rule before condition broken, it is certain, that in this case by the terms of the mortgage and by virtue of our statute after condition broken, the Granger Market Company had a right to take possession of this mare, and the condition of the mortgage was broken. But the Granger Market Company had not taken possession at the time of the levy, but the possession was in Spaulding, and was coupled with an interest as second mortgagee. The Granger Market Company could take this possession from him, but until that was done or a demand made on him by them, his possession was both actual and lawful.

It was the object of the levy to subject the right of the Granger Market Company to execution, and in order to do so, and by a levy and sale, transfer this right to an execution purchaser, the officer must pursue the course pointed out by the statute. That course is pointed out in the statute as follows:

"Personal property capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his possession. Other personal property shall be attached by leaving a certified copy of the writ and a notice specifying the property attached, with the person having possession of the same."

This property not being in the possession of the Granger

Market Company at the time of the levy, the officer could not, by virtue of his writ, lawfully take it from the possession of a third person in whose possession he found it, and he committed a trespass in so doing. It is claimed that this statute is simply intended to protect those in possession of property who may have a lien on it by virtue of which they may be entitled to redeem it. This may be the object of the statute. The statute provides that such persons when summoned as garnishees, shall answer and show by what title they hold the property; but the sheriff when he finds the property which he supposes belongs to the judgment-debtor in the possession of third persons has no right to determine the right of that possession, except in the manner provided by law.

It is further claimed that the court erred in instructing the jury to find for the plaintiff, for the reason that the lawful ownership of the plaintiff was denied in the answer, and it was a question of fact for the jury on the evidence, and that the jury are the judges of the weight of the evidence.

In this case the plaintiff testified that he took possession of this mare from Litchenthaler and Simpson on a subsequent mortgage, and Stemme testified that at the time she was taken by the constable she was in his possession, as the bailee of Spaulding. The defendant offers no evidence to rebut the presumption of lawful possession raised by this evidence, but offered evidence of his levy to justify his taking possession from plaintiff; and all the evidence offered by defendant to rebut the presumption of the lawful possession of plaintiff was the mortgage to the Granger Market Company. It is acknowledged that the possession was in Stemme, and it would be presumed to be lawful, unless there was proof to the contrary. This evidence would make a *prima facie* case to the jury, and under the circumstances, we think, the court might say, in the absence of all evidence to the contrary, that the possession was proved, and the defendant having failed in his plea of justification that the jury should find for the plaintiff. It is also insisted by the appellant that the court erred in directing the jury that they might find damages for the plaintiff.

As this property was wrongfully taken from the possession of the plaintiff he would at any rate be entitled to nominal damages, and to such other damages as he could prove. He proved that at the time of the taking of the mare from him she was earning him one dollar per day. The question of the amount of damages was one exclusively for the jury, and when they have authority to find according to their judgment it is not a matter of review in this court.