RAMSBY *v.* BEEZLEY.

CONVERSION.—A conversion is defined to be "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it."

PROPERTY—ASSUMING TO DISPOSE OF IS A CONVERSION.—Where a party assumes to himself the property, and the right of disposing of another man's goods, it is a conversion. It is the assuming to dispose of the property of another, in a manner subversive of the dominion which the owner has over it, that constitutes the conversion.

APPEAL from Wasco County. The facts are stated in the opinion.

*W. Lair Hill,* for appellant.

*N. H. Gates,* for respondent.

By the Court, LORD, J.:

This was an action of trover, and the only question involved in the case is, what will constitute a conversion? It originated in the refusal of the court to give certain instructions asked by the defendant, and an exception to an instruction given, based upon evidence tending to show about this state of facts: That the plaintiff was the owner of the cattle in controversy by purchase from one Smith, which

were running at large on the range; that the defendant sold them to Strickland, and received therefor the sum of $500, and that the plaintiff has never seen, nor had possession of the cattle since. The defendant admitted that he sold the cattle to Strickland, received the money for them, and "believed and supposed that Strickland had took them," but there was no evidence that the defendant ever exercised any other actual control, or dominion over the cattle than such sale to Strickland, or that he actually delivered them to him, or that Strickland ever gathered the cattle in pursuance of such sale, except what may be inferred from the fact that the plaintiff has never seen, nor had possession of his cattle since the sale, and the payment for the cattle, and the admission of the defendant that he believed and supposed that Strickland had taken the cattle. Upon this state of facts, the court gave the following instruction to the jury, to which the defendant excepted: "Any assertion of title to, or any act of dominion over personal property inconsistent with the rights of the owner, is a conversion. A sale of the property of one person by another, is a conversion. Therefore, if you find the plaintiff was the owner of the cattle at the time of the alleged taking, and that the defendant sold them without the plaintiff's consent, or in any way appropriated them to his own use without plaintiff's consent, you should find for the plaintiff in such sum as he was damaged thereby. But if you find that the plaintiff was not the owner of the cattle, or that the defendant did not so convert them, you should find for the defendant." The effect of the instruction asked, and the point raised is, that to maintain an action of trover, the defendant must have actual or virtual possession of the property. A conversion is defined to be, "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent

with it." (Cooley on Torts, 448.) "It may be laid down as a general principle," says Mr. Bigelow, "that the assertion of a title to, or an act of dominion over personal property, inconsistent with the right of the owner, is a conversion." (Bigelow's Lead. Cases on the Law of Torts, 428; 2 Hill on Torts, sec. 3, p. 97.) Of the different ways by which a conversion of personal property may be effected, one is, where a party sells the property of another without his authority or consent. Such sale is the assumption of ownership, of dominion over, or right to control the property, inconsistent with, and in denial of the rights of the true owner. Hence it is said, "Every assuming by one to dispose of the goods of another is a conversion." (Trover, Bacon's Abridg., 631.) Or "the assumption of authority over property, and actual sale, constitutes a conversion." (*Gillman* v. *Hill*, 36 N. H., 324.) No actual force need be used, (*Gibbs* v. *Chase*, 10 Mass., 128,) nor any manual taking or removal of the property, (*Reynolds* v. *Shuler*, 5 Cow., 326; *Connah* v. *Hale*, 25 Wend., 465,) nor proof that the defendant had actual possession of the property, (*Farnell* v. *Chase*, 37 Maine, 290,) for, in the language of Shepley, C. J.: "The exercise of such a claim of right, or dominion over the property as assumes that he is entitled to the possession, or to deprive the other party of it, is a conversion." (See also, 6 Mod., 212; *McCombie* v. *Davis*, 6 East., 540; *Reid* v. *Colcock*, 1 Nott. & McC., 601; *Dickey* v. *Franklin*, 32 Maine, 572.)

As applied to the facts, the instruction was not objectionable. The defendant had assumed to himself the property and the right of disposing of the plaintiff's cattle. He sold them, received the money for them, authorized the purchaser to take them, and swears he believed and supposed the cattle were taken. The gist of conversion is the owner's de-

privation of his rightful dominion and control over his property. Under this state of facts, the sale of the defendant was a wrongful assumption of authority and dominion, subversive of the rightful dominion and control of the plaintiff over his property. The judgment must be affirmed.

Judgment affirmed.