[Filed May 13, 1885.]

# D. E. BUDD *v.* MULTNOMAH STREET RY. CO., E. J. JEFFREY, AND W. A. SCOGGIN.

TROVER—CONVERSION OF SHARES OF STOCK.—Trover will lie for the conversion of shares of the capital stock of a corporation.

CONVERSION—WHAT IS.—Any interference subversive of the right of the owner of personal property to enjoy and control it is a conversion.

MULTNOMAH COUNTY.   Plaintiff appeals.   Reversed.

*H. T. Bingham*, and *J. C. Bower*, for Appellant.

Stock in a private corporation is personal property. (Misc. Laws, ch. 7, § 13.)   Trover is maintainable for a share of stock. (*Payne* v. *Elliott*, 54 Cal. 339; *Jarvis* v. *Rogers*, 15 Mass. 389; *Anderson* v. *Nichols*, 28 N. Y. 600; Lowell Transfer of Stock, § 231; *Ayres* v. *French*, 41 Conn. 149.)   Trover does not lie for shares of the capital stock of a corporation, although such action may be maintained for certificates of shares.   (*Burrall* v. *Bushwick R. R. Co.* 75 N. Y. 216, 217.   See also *Denton* v. *Livingston*, 9 Johns. 96–100, and *People ex rel. Jefferson* v. *Smith*, 88 N. Y. 582; *Neiler* v. *Kelley*, 69 Pa. St. 407.)   The complaint does not allege possession nor right to immediate possession in plaintiff, at the time of the alleged conversion or any other time, and is therefore defective.   (*Whellar* v. *Train*, 3 Pick. 267; cited and approved in *Sharp* v. *Whittenhall*, 3 Hill, 576; *Fairbanks* v. *Phelps*, 22 Pick. 537; *Winship* v. *Neale*, 10 Gray, 383.)

*D. W. Welty*, and *J. C. Moreland*, for Respondent.

LORD, J.—This is an appeal from a judgment upon demurrer. The action was in trover, for the conversion of certain shares of the capital stock of the corporation defendant.   The complaint in substance alleges that the plaintiff was the owner of one hundred shares of the capital stock of said corporation defendant, of the value of $10,500, and that the defendant wrongfully took possession of said shares, and disposed of and converted the same to their own use.   The demurrer to the complaint was

sustained, upon the ground that trover would not lie for the conversion of shares of stock. The only question, therefore, presented by this record is : "Are shares of stock such personal property as an action for conversion will lie for their appropriation? What is stock, or a share of stock?" "A share in a corporation is a right to participate in the profits, or in the final distribution of the corporate property *pro rata*." (*Field* v. *Pierce*, 102 Mass. 261.) "A share or interest in the capital stock of a bank or other corporation may be defined as the right to *pro rata* periodical dividends of all profits, and if the corporation is not immortal, a right to a *pro rata* distribution of all its effects on its death." (*People* v. *Commissioners etc.* 40 Barb. 353.) "Shares of stock are generally considered to be personal property" (Bouv. Law. Dict. "Stock"), and by our statute are to be deemed personal property, and subject to attachment, execution, levy, and sale as such. (Misc. Laws, ch. 7, § 13.) They are not "chattels personal, susceptible of possession, actual or constructive" (*Arnold* v. *Ruggles*, 1 R. I. 166); "but they are," says Shaw, C. J., "if not choses in action, in the nature of choses in action; and what is more important, they are personal property." (*Hutchins* v. *State Bank*, 12 Met. 421.) Of the nature of shares, and the right or interest in them, considered as such, Durfee, C. J., said :-

"Does the term 'share' denote a thing in possession, or does it denote the mere right to a thing not in possession, but in action, and therefore subject to be claimed or demanded? We have shown that a right to a vote as a member of the corporation, and a right to the dividends of the profits of the concern, make all the beneficial interest that is called a share. But these rights subsist only in law or in contract. The individual invested with them has them *in præsenti*, and in virtue thereof claims things that are not at any time all present, uniting possession with right ; for all votes save one, and all dividends save one, must always exist *in futuro* — a chose not in possession — a thing subject to be demanded — money payable at a future day. A share, then, is a mere ideal thing; it is no portion of matter; it is not susceptible of tangible and visible possession, actual or constructive. Yet, in com-

mon parlance, we say that a man is possessed of a right, and it is a sufficiently intelligible mode of speaking; but then the meaning of the term ' possession' must be understood to be modified by the object to which it relates. If a right be an ideal thing merely, or something existing but in law or contract, the possession must be ideal, subsisting from law or contract. To be possessed of a share, therefore, is to be invested with the rights which constitute it, to pass in and succeed to the station, relation, and powers of the former shareholder, and to become a corporation in reference to the particular share. But it is quite. evident that this cannot be accomplished but by actual transfer,. or by operation of law. This, this only, can give (in common parlance) the possession of a mere right, or those rights denomi-- nated a share in a corporation."

Whenever, therefore, these things are done or happen, whether· by means of contracts or by operation of law, by which an individual is invested with those rights which constitute a share in the stock of a corporation, he is, so to speak, possessed of such share — the owner of it. It is not the certificate which confers the right to or ownership of the share, nor is the certifi-- cate the stock itself, but only the paper evidence of the right or· title to the share which may be used for the purpose of symbolical delivery, as the share itself, being intangible, is not susceptible of actual delivery. As thus evidenced, the certificate is the written expression of the legal existence of such share, giving to that which is intangible a tangible representative by which, as a convenient method, it may be sold, transferred, or· speculated in as other personal property. A share, then, exists in legal contemplation, and is personal property, which may be· dealt with, enjoyed, and subjected to judicial process as such, and of which the certificate is not the property itself, but only· documentary evidence of title to it. Being thus impressed by law with the attributes of personal property recognized as such, capable of being enjoyed, dealt with, and subjected to judicial process, it would seem to follow that whenever there has been· some repudiation by the defendant of the owner's right to the share, or some exercise of dominion or control over it inconsist-

ent with such right, he is guilty of a conversion, and ought to be held liable in trover. A conversion is defined to be " a wrong, consisting in dealing with the property of another, as if it were one's own, without right." (Abb. Law Dict. "Conversion.") Judge Cooley defines it to be: "Any distinct act of dominion, wrongfully exerted over one's property in denial of his right, or inconsistent with it, is conversion." (Cooley Torts, 448.) Mr. Bigelow says: " It may be laid down as a general principle that the assertion of title to or an act of dominion over personal property inconsistent with the right of the owner is a conversion." (Big. Lead. Cas. 428.) Nor is it necessary to show a manual taking of the thing in question, nor that the defendant has applied it to his own use. "Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's rights? If he does, that is in law a conversion, be it for his own or another's use." (Bac. Abr. "Trover.") The wrong lies in the interference with the owner's right to do as he will with his own. Whoever does this in any manner subversive of the owner's right to enjoy or control what is his own, is guilty of a conversion. (*Ramsby* v. *Beezley,* 11 Oreg. 51.) But the defendant contends that a share of stock, being intangible, is incapable of being taken and wrongfully converted to the use of another ; and as a consequence, that the allegation that the defendants wrongfully took, disposed of, and converted the said shares to their own use is the statement of an impossible fact, and tenders no issue. In support of this position, *Sewall* v. *Bank of Lancaster,* 17 Serg. & R. 285, and *Neiler* v. *Kelley,* 69 Pa. St. 407, are cited and relied upon. In the latter of these cases, Sharswood, J., said : —

" A share of stock is an incorporeal, intangible thing. It is a right to a certain proportion of the capital stock of the corporation, never realized except upon the dissolution and winding up of the corporation, with the right to receive, in the meantime, such profit as may be made and declared in the shape of dividends. Trover can no more be maintained for a share in the capital stock of a corporation than it can for the interest of a partner in a commercial firm."

As based upon the common-law fiction of property lost and found, in actions of trover, which prevails in that State, and which lay only for tangible property capable of being identified and taken into actual possession, the correctness of the decision is not questioned. "But," as was said by Parke, C. J., "what matters it whether the thing itself is capable of being taken into hand and carried away, so long as it is personal property of as substantial value as any other; and in no case can the thing itself be recovered in this form of action, but only its value. There was force in the claim originally, when trover was confined to property lost. From the nature of the action it could not then lie unless the property was tangible. The fiction of lost property is still retained in declarations of this kind, but the allegation has long since ceased to be substantial, and there is no longer any reason for requiring that the property should be tangible. . . . If a certificate of stock is unlawfully retained when demanded, what is presumed to have been converted? The certificate has no intrinsic value disconnected from the stock it represents. No one would say that the paper alone had been converted, that the conversion of the paper constituted the entire wrong. The real act done in such cases is precisely the same as done here, no more, no less; and to say that trover will lie in one case and not in the other, is to make a distinction where in reality there is no difference. Conversion is the gist of the action of trover. Everywhere it is so held. The stock in both cases was converted; and we think in these days, when the tendency of courts is to do away with technicalities not based upon reason, a technical distinction of this character should no longer be sustained."

In *Payne* v. *Elliott*, 54 Cal. 339, in an able opinion by McKee, J., it was held, in an action for the conversion of shares of stock of a corporation, that "it is the shares of stock" which constitute the property, and not the certificate; and that an action is maintainable for the conversion of the share of stock which the certificate represents, as well as that of the certificate.

In *McAllister* v. *Kuhn*, 96 U. S. 87, the identical objection was made which is raised here. There the judgment had been

taken by default, and confessed whatever had been properly pleaded, as the demurrer here admits. In that case Waite, C. J., said:—

"If the statements contained in the petition are true, and McAllister had actually converted the stock to his own use, Kuhn was entitled to damages. By his default, whatever had been properly pleaded was confessed. Had issue been joined upon the averment of conversion, it would have been necessary to show the existence of facts which in law constituted a conversion; but for the purposes of pleading, the ultimate fact to be proved need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings. We think the complaint does state all the facts necessary to constitute a cause of action."

Under our system, the technical difficulty which embarrassed the common-law action for trover, and made it only applicable for the conversion of tangible property, no longer exists, and the action may be maintained for the conversion of every species of personal property. We think the complaint states the necessary facts to constitute a cause of action. The demurrer is not well taken, and the judgment must be reversed.