# Wilson D. Snyder and Cyrus Jacoby, Plffs. in Err. v. Morris Berger.

A judgment is final and conclusive between the parties thereto, as to the facts necessarily adjudicated, and cannot be impeached except for fraud, in a collateral proceeding.

Although the record of a judgment is evidence for a particular purpose, yet, if offered, not for that purpose but for other purposes for which it is not admissible, and rejected, such rejection is not error.

Although fraud is never to be presumed, but must always be proved, great latitude is allowed in the admission of testimony that may serve to shed light on the alleged fraudulent transaction.

Where facts and circumstances proper for the consideration of the jury on the question of actual fraud are testified to by the witnesses, it is error to withdraw that subject from the consideration of the jury.

(Decided October 4, 1886.)

Error to the Common Pleas of Northampton County to review

NOTE.—For conclusiveness of judgment, see notes to Howe v. First Nat. Bank, 1 Sad. Rep. 57, and Long v. Trexler, 5 Sad. Rep. 456.

a judgment in favor of plaintiff in an action of trespass to re-
cover the value of certain chattels. Reversed.

The facts upon which the questions presented were raised are
set out in the opinion.

Defendants assigned as error 1 and 2, the action of the court
in refusing to allow in evidence the record in the case of Jacoby
v. Shafer, 105 Pa. 610.

3. In rejecting defendants' offer to show (by the justice of
the peace before whom the case of Jacoby v. Shafer was tried,
and witnesses) that Berger assented to the defense of want of
jurisdiction made by Shafer before the justice. The offer was
as follows: "Defendant proposes to show that on December 8,
1883, Morris Berger and Edward Shafer were both present at
the hearing before the justice, and that Morris Berger did not
claim the property in dispute; but that Shafer, through his coun-
sel, defended on the ground that the justice had no jurisdiction,
in a sum exceeding $100, under the act of 1879; that the defend-
ant disclaimed any fraudulent intent, but that Morris Berger
was not called as witness by the defendant Edward Shafer to
show that there was no fraudulent intent, although Berger was
present at that time; nor did Berger offer himself as a witness in
corroboration."

4. In charging the jury as follows: "It is sufficient if the
purchaser of the property assume such control over it in pur-
suance of the purchase as to reasonably indicate the change of
ownership; and if you believe that the plaintiff in this case did
take control of this property that he swears to, and which his
hired man corroborates him in, then I say to you as a matter of
law that that would be a sufficient taking of control to make the
sale a valid one, even as against creditors."

5. Charging as follows: "I therefore take that branch of the
case from you and say to you that there is no evidence in this
cause to warrant you in finding that there was a scheme or com-
bination between Shafer and Berger, for the purpose of cover-
ing up this property in order to hinder, delay, or defraud the
creditors of Shafer in general, or to hinder and delay Mr. Jacoby
in the collection of his debt in particular."

6. In answering defendants' first point with a qualification.
The point and answers are as follows:

First point. "If the jury are satisfied that the alleged sale

by Shafer to Berger was merely a scheme between Shafer and Berger to prevent Mr. Jacoby from reaching the property of his debtor under proceedings then begun before a justice of the peace, the property in question remained the property of Shafer, and the verdict must be in favor of the defendants."

*Ans.* "That is sound law and I would affirm the point without qualification, if there was any evidence in the case going to show that there was a scheme such as the point assumes. I have already instructed you, gentlemen, that I find no such evidence in the case; and therefore I withdraw that question from your consideration."

7. In the answer to defendants' second point.

The point and answer are as follows:

Second point. "The evidence being that Snyder acted as a constable, under a writ regular on its face, he is justified; and there can be no recovery against him as a joint *tort feasor* with the plaintiff in the execution."

*Ans.* "I cannot so instruct you."

*W. E. Doster,* for plaintiffs in error.—The judgment of the court in the case of Jacoby v. Shafer, 105 Pa. 610, is conclusive in this case as to the ownership of the property. Billings v. Russell, 23 Pa. 189, 62 Am. Dec. 330; Hazelett v. Ford, 10 Watts, 101.

An agreement void as against a bona fide creditor is good between the parties. Yocum v. Kehler, 28 Phila. Leg. Int. 68.

An arrangement, fraudulent as to creditors, is binding on the parties. Dannels v. Fitch, 8 Pa. 495; Telford v. Adams, 6 Watts, 429.

The courts look beyond the nominal party and treat as the real party him whose interests are involved in the issue, and who conducts and controls the action or the defense. Peterson v. Lothrop, 34 Pa. 223. See also McDonald v. Simcox, 98 Pa. 623; Sloan v. McKinstry, 18 Pa. 120; Hauer's Appeal, 5 Watts & S. 473; Tarbox v. Hays, 6 Watts, 398, 31 Am. Dec. 478; Postens v. Postens, 3 Watts & S. 127; Bennett v. Cadwell, 70 Pa. 253; Emery v. Nelson, 9 Serg. & R. 12; Breading v. Boggs, 20 Pa. 33.

A wife may intervene in an attachment and defend *pro interesse suo*. National Bank v. Tasker, 1 Pa. Co. Ct. 173; Doyle

v. Com. 16 W. N. C. 157; Sessions v. Stevens, 1 Fla. 233, 46 Am. Dec. 339, and notes; Savacool v. Boughton, 5 Wend. 170, 21 Am. Dec. 181, and note.

Whether there was such a delivery as the subject-matter was capable of and whether it was bona fide are questions for the jury; that the vendor was employed about the premises in a capacity holding out no indicia of ownership, is such concurrent possession as renders the transaction fraudulent *per se.* Evans v. Scott, 89 Pa. 136; Adams Exp. Co. v. Lyons, 7 W. N. C. 421; Smith v. Crisman, 91 Pa. 428; Barr v. Boyles, 96 Pa. 31; Rothermel v. Marr, 98 Pa. 285; McPherson v. Kinnear, 12 W. N. C. 40.

A concurrent possession in the vendor and vendee is not sufficient; the change in possession must be both actual and continued. Miller's Appeal, 2 Pennyp. 72, S. C. 69 Pa. 134; Snyder v. Shuh, 11 W. N. C. 136; Crowley v. Irvin, 1 Pennyp. 227; McKibbin v. Martin, 64 Pa. 359, 3 Am. Rep. 588.

*Robert L. Cope,* for defendant in error.—The record offered in evidence could not have availed the defendants below unless it amounted to an estoppel of record. The judgment was not between the same parties or their privies; nor was the question in controversy in the case at bar directly decided or material to the decision in the former suit. Greenl. Ev. § 524; Giltinan v. Strong, 64 Pa. 246; Worman v. Wolfersberger, 19 Pa. 59; Hutchinson v. McClure, 20 Pa. 63; Scott v. Heilager, 14 Pa. 238.

"There is no rule of law which compels the real owner of attached property, on notice of the suit, to intervene and defend *pro interesse suo,* on pain of forfeiting his rights of property, or of action." Megee v. Beirne, 39 Pa. 51.

The charge of the court, specified as the fourth assignment of error, is correct. Crawford v. Davis, 99 Pa. 576; Bear's Estate, 60 Pa. 430.

"One cannot be prejudiced by the fraud of another, of which he had no notice." Reehling v. Byers, 94 Pa. 316.

When a purchaser of property pays a full consideration therefor, he cannot be deprived of it on a vague suspicion that it was sold to him for the purpose of defrauding the vendor's creditors. "The fraud alleged must be clearly and distinctly proved." Ibid.

Fraud is not to be presumed, but must be proved; and in most

cases it is the most dangerous kind of question to be submitted to a jury without proof. Bradley v. Grosh, 8 Pa. 45.

It has been often ruled that it is error to submit a fact or question to the jury, of which there is no evidence. Ibid.; Sartwell v. Wilcox, 20 Pa. 117.

It is true, fraud may be inferred from facts proved. But such facts must tend to prove fraud. "If there is no sufficient evidence to justify an inference of the disputed fact, the court has the right and it is its duty to withhold it from the jury." Battles v. Laudenslager, 84 Pa. 446.

OPINION BY MR. JUSTICE STERRETT:

This action of trespass was brought by Morris Berger against Snyder and Jacoby, plaintiffs in error, to recover the value of a horse sold on a constable's execution as the property of Edward Shafer, together with damages for the seizure and detention of another horse and a wagon, all of which he claimed were his property at the time of the alleged trespass.

It is conceded that prior to December 3, 1883, the horses and wagon belonged to Shafer. On the following day, by virtue of proceedings under the fraudulent debtors' act of 1842, instituted by Jacoby against Shafer, the horses and wagon were attached; and the case was so proceeded in before the justice of the peace that judgment was rendered in favor of the plaintiff in the attachment; and subsequently Snyder, by virtue of an execution, issued on the judgment and directed to him as constable, sold one of the horses.

The only defense set up before the justice was want of jurisdiction. On that question the case was before us and the judgment of the justice was affirmed. Jacoby v. Shafer, 105 Pa. 610.

As against Shafer it was definitively settled in that case that he was indebted to Jacoby in the sum for which judgment was entered, and that he was about to assign and dispose of his personal property with intent to defraud his creditors. That judgment is final and conclusive as to the facts necessarily adjudicated, and cannot be impeached except for fraud, in this or any other proceeding. But Berger, the plaintiff below in this case, was not a party to that suit, and therefore not precluded from showing what he alleged, *viz.,* that in good faith and for a full consideration he purchased and had exclusive possession of the horses and wagon the day before the attachment issued.

Having introduced testimony tending to sustain his allega-
tions, it was competent for the defendants to rebut and prove if
they could that he was a party to the fraud committed by Shafer.
While the record of the former suit was not evidence of such
participation on the part of Berger, it was admissible for the
purpose of showing the fraudulent purpose of Shafer, under
whom Berger claimed, to be followed by evidence of the latter's
active participation therein; but we do not understand that it
was offered for any such purpose, and hence, as the case stood
there was no error in rejecting the offers. The record was also
evidenced for other purposes, but for the broad purposes for
which it was offered it was not admissible. The first and second
specifications are not sustained.

In connection with other evidence tending to impeach the bona
fides of Berger's alleged purchase of the horses and wagon, the
circumstances recited in the offer covered by the third specifica-
tion were proper for the consideration of the jury. While it is
true that fraud is never to be presumed, but must always be
proved, great latitude is allowed in the admission of testimony
that may serve to shed light on the alleged fraudulent transac-
tion.

What was said by the learned judge in that part of his charge
specified in the fourth assignment of error was doubtless intend-
ed to apply to a bona fide purchase, untainted by actual fraud.
He was then speaking to the subject of transfer of possession
from the vendor to the vendee. The jury doubtless so regarded
it. Thus understood, what was said by him was not objection-
able.

The subjects of complaint in the fifth and sixth specifications,
are: instructing the jury that there was no evidence of actual
fraud on the part of the plaintiffs below, and withdrawing that
subject from their consideration. In that we think there was
error. An examination of the testimony satisfies us that facts
and circumstances proper for the consideration of the jury on
the question of actual fraud, on the part of both the alleged
vendor and the vendee, were testified to by several witnesses.
Indeed, the transaction between Shafer and defendant in error,
especially the conduct of the latter, was more than suspicious.

There was no error in refusing to affirm defendant's second
point as presented.

Judgment reversed and a *venire facias de novo* awarded.