Argued April 25, reversed May 1, 1917.

## GREGORY v. OREGON FRUIT JUICE CO.

(164 Pac. 728.)

**Trover and Conversion—Conversion.**

1. Refusal to surrender an article to the owner entitled to its possession is a conversion.

**Contracts—Agreement to Contract—Meeting of Minds.**

2. There is not the necessary meeting of minds where the terms of the chattel mortgage which parties agree shall be executed and substituted for a lien giving right to possession are not agreed on with certainty.

**Trover and Conversion—Right to Possession—Burden of Proof.**

3. Plaintiff claiming conversion because of defendant having a lien on the chattel entitling him to possession, having agreed to ac-

cept a chattel mortgage and permit removal of the article, and then having refused to accept a tendered note and mortgage, has the burden of showing that the terms of the mortgage were definitely agreed on, and tender of a note and mortgage in conformity.

[As to conversion such as is sufficient to sustain the action of trover, see note in 24 Am. St. Rep. 795.]

From Marion: PERCY R. KELLY, Judge.

Action by J. C. Gregory against the Oregon Fruit Juice Company, a corporation, for damages for conversion. From a verdict and judgment in favor of plaintiff, defendant appeals. Reversed with directions.

Department 1. Statement by MR. JUSTICE MCCAMANT.

This is an action to recover damages for the conversion of a hydraulic pressing machine and equipment. It appears that plaintiff installed his machine in the defendant's place of business at Salem for use during the berry season of 1915. The machine was incomplete when installed and plaintiff was unable to purchase the parts needed to equip it for the work contemplated. The defendant agreed to advance the necessary funds for this purpose, taking a lien on the machine for its security. The advances of the defendant aggregated about $400. On June 11, 1915, the parties entered into a written contract whereby defendant agreed to pay plaintiff thirty cents an hour for his services and the use of the machine. Plaintiff agreed ''to give his interest-bearing note for the sums of money advanced, same to be payable on or before June 1, 1916,'' and to give a bill of sale or chattel mortgage to secure the note. The agreement provides: ''it is further understood and agreed that said moneys so advanced acts as a lien upon said hydraulic pressing machine.'' The machine was used in de-

fendant's plant during the berry season of 1915 and plaintiff ceased working therein about the end of July. He had made arrangements to press apples at Lebanon and desired to take the machine there for that purpose. He admits that defendant was not repaid its advances and makes no claim that it waived its lien. Plaintiff does contend that subsequent to June 11, 1915, an agreement was entered into whereby defendant consented to accept a chattel mortgage for the amount of its debt and to permit plaintiff to remove the press out of the county, to Lebanon. Defendant refused to surrender the machine and plaintiff brought this action, claiming damages in the sum of $2,054.93. Of this sum $564.93 is alleged as the value of the machine; the remainder of the damage is predicated on the interference with plaintiff's plans to use the machine at Lebanon. The jury rendered a verdict for plaintiff in the sum of $225, on which judgment was entered. Defendant appeals.

REVERSED WITH DIRECTIONS.

For appellant there was a brief and an oral argument by *Mr. William H. Trindle.*

For respondent there was a brief and an oral argument by *Mr. Frederick S. Lamport.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. At the conclusion of plaintiff's testimony the defendant moved for a nonsuit, and error is assigned on the denial of this motion. Plaintiff bases his claim of conversion on the refusal of the defendant to permit him to take the machine to Lebanon. If plaintiff was entitled to the possession of the machine the

refusal of the defendant to surrender it was a conversion: *Budd* v. *Multnomah Ry. Co.,* 12 Or. 271, 274 (7 Pac. 99, 53 Am. Rep. 355). In this case the court said:

"The wrong lies in the interference with the owner's right to do as he will with his own. Whoever does this in any manner subversive of the owner's right to enjoy or control what is his own, is guilty of a conversion."

2. Was plaintiff entitled to the possession of the machine? It is conceded that the agreement of June 11th gave defendant the right of possession as an incident to its lien. Plaintiff relies wholly on an alleged subsequent agreement made with defendant whereby defendant covenanted to accept a chattel mortgage and permit the removal of the machine. It is conceded that when a note and chattel mortgage were tendered defendant refused to accept them. We are therefore called upon to determine whether there was any evidence of such a subsequent agreement and whether the note and mortgage tendered were in conformity thereto.

We think there was some evidence that defendant agreed to accept a chattel mortgage although plaintiff's testimony on this subject is contradictory. There is also evidence from which the jury could find that the parties agreed on $365.93 as the debt to be secured by the mortgage, and June 1, 1916, as the date of maturity of the note. The evidence also justifies the conclusion that the chattel mortgage to be given was to be in such form as to permit plaintiff to take the machine to Lebanon. The evidence is silent as to all other provisions in the contract.

In the case of *Holtz* v. *Olds,* decided April 10, 1917 (*post,* p. 567, 164 Pac. 583), we considered the effect

of an agreement to make an agreement. The law as announced in that opinion is as follows:

"It is indeed competent for parties to enter into a preliminary agreement looking to the execution of a consequent one in the future. We have daily examples of that kind in bonds for deeds or in contracts for insurance, the policies of which are yet to be issued. But in all cases the minds of the parties must meet on the terms not only of the present convention, but also as to those of the covenants yet to be executed. If this rule be not observed in the stipulation and a substantial part is left open for further settlement without a canon by which the subsequent negotiations may be controlled there is no *aggregatio mentium* so essential to every contract."

3. The burden devolved on plaintiff to prove an executory agreement to execute a chattel mortgage certain within the rule announced in the above case and the tender of a note and mortgage conforming thereto. In our opinion he has failed to do so. The only note and mortgage tendered, so far as the record shows, were dated September 11, 1915; the note bears interest only from that date. It appears that a portion of the defendant's advances were made in April and the bulk of them in June. There is no evidence that defendant waived interest earned prior to September 11th. The mortgage tendered provided that on default defendant's remedy should be to sell the property at a sale had under its own direction. Under Section 7411, L. O. L., such remedy is exclusive. The defendant may well have preferred the remedy provided by statute, eliminating as it does some obligations which the law imposes on a mortgagee under the covenants of the mortgage tendered. The instrument tendered is out of harmony with plaintiff's testimony in that it forbids the removal of the security from Marion

GREGORY *v.* OREGON FRUIT JUICE CO.

County without the written consent of the mortgagee. The note tendered was unstamped as required by the internal revenue law then in force and if defendant had accepted it, appreciating this fact, it would have been guilty of a misdemeanor: Bender's War Revenue Law, p. 55; Act of Congress, approved October 22, 1914, § 9. Defendant was justified in refusing to accept the note and mortgage tendered.

Our attention is called to a line of authority holding that when a check is tendered as payment and the creditor refuses the tender on some other ground, he cannot subsequently object to the tender because it was in the form of a check. Plaintiff's allegations and proofs do not bring him within this principle of law. He does not allege a waiver of proper tender and the proof shows that defendant assigned no reason for refusing the tender. There being no evidence that the minds of the parties ever met in an agreement subsequent to June 11, 1915, defendant was entitled to possession of the machine under the agreement of that date.

The Circuit Court erred in denying the motion for a nonsuit. The judgment is reversed and the lower court instructed to enter judgment of nonsuit.

REVERSED WITH DIRECTIONS.

MR. JUSTICE BURNETT, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.