## Wilson D. Snyder et al., Plffs. in Err., v. Morris Berger.

In an action of trespass to recover for taking personal property, *held*, that whether or not the sale to the plaintiff was fraudulent and void as to the defendant as a creditor of the seller was a question for the jury to determine from all the facts in the case, and that the court rightly refused to take the question from the jury.

*Held*, further, that the plaintiff had the right to give in evidence all the facts regarding his alleged purchase, in order to show that it was bona fide and for full value, notwithstanding that question had once been determined in a prior suit to which the plaintiff was not a party.

(*Argued January 21, 1887.    Decided March 21, 1887.*)

January Term, 1887, No. 264, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Northampton County to review a judgment on a verdict for plaintiff in an action of tresspass to recover the value of certain property and for damages for the detention of property.   Affirmed.

The facts sufficiently appear from the charge of the court to the jury, given below.

The case has been twice tried.   A verdict and judgment in favor of plaintiff in the first trial was reversed on appeal to this court and a new trial granted for error in the rulings of the court.

See 18 W. N. C. 490, 4 Cent. Rep. 764, in which the facts are fully stated.

On the second trial before SCHUYLER, P. J., the plaintiff, Berger, offered to prove by Edward Shafer the whole transaction between witness and himself in substance, the same as on

the examination at the former trial. Objected to as incompetent. Objection overruled. Exception.

Plaintiff presented, *inter alia,* the following points:

2. A debtor may lawfully prefer one creditor to another, and if the jury believe that Mr. Shafer sold out his undertaking establishment to Berger for the purpose of preferring his wife and other creditors, even to the exclusion of Mr. Jacoby, the sale was not fraudulent for that reason.

*Ans.* This is true.

3. And even if Mr. Berger knew that the purpose of Shafer in selling out was to prefer some creditors to others, the sale is not void for that reason.

*Ans.* This is true.

4. If the jury believe that the proceeds of the sale from Shafer to Berger were paid to bona fide creditors of Shafer, then Jacoby was not defrauded; for one creditor cannot be defrauded by the payment of another, although all the property of the debtor is exhausted by such payment.

*Ans.* This is true, provided you find that the sale was made upon full and valid consideration.

5. If the jury believe that Shafer was honestly indebted to his wife, he had the right to direct her to be paid out of the proceeds of the sale of his property in preference to Jacoby or any other creditor.

*Ans.* This is true.

6. If Berger purchased the property in dispute in good faith and for a full consideration from Mr. Shafer, it was the duty of Shafer to protect and defend Berger's title in the attachment suit before Justice BAUM, and no fraud can be inferred from such defense.

*Ans.* This is true.

Defendants, *inter alia,* presented the following points:

3. In determining whether the evidence shows that Berger actively participated in the fraudulent purposes of Shafer, the jury should first consider whether the fraudulent purpose of Shafer was made known to Berger, at or before the alleged sale; and second, if they were so made known, whether he assisted Shafer in carrying them out. And if they can find that Berger took a transfer of all of Shafer's property, knowing that Jacoby had a claim against Shafer, which he was pressing for payment, and that Shafer left Jacoby out of the list of creditors which were

to be paid out of the proceeds of the sale, that Shafer intended to prevent Jacoby getting his claim paid by suit, and that Berger, through Cope, then paid and settled with all the creditors except Jacoby, they are justified in finding that the fraud was the joint work of Berger and Shafer, and their verdict should be in favor of the defendant.

*Ans.* I cannot affirm this point. Whether or not the sale was fraudulent is to be determined from all the facts and circumstances in the case.

6. Under the facts in this case there was not sufficient delivery of the property as against creditors; and the court should declare the sale void, and direct a verdict in favor of the defendants.

*Ans.* I cannot affirm this point.

The court is requested to declare the transaction a legal fraud, because the judgment note for $1,200, dated December 4, 1883, given by Berger to Shafer, payable in five years from date, assigned to Mrs. Shafer and not recorded, contains a clause which enabled Shafer to prevent the payment of two thirds of the purchase money for the undertaking establishment, by going into the same business again, any time within five years, and to defeat the validity of the bill of sale, dated the same day, to the extent of two thirds thereof. This was, in effect, creating a secret trust in favor of Shafer, which stamps the transaction as a fraud in law, and vitiates the pretended sale, as against creditors.

*Ans.* I cannot affirm this point. The clause referred to is a circumstance to be taken into consideration with the other facts and circumstances in the cause as to whether the sale from Shafer to Berger was a bona fide sale, or otherwise.

The court charged the jury as follows:

This is an action of trespass brought by Morris Berger against Wilson D. Snyder and Cyrus Jacoby to recover damages for seizing and selling one horse, and for seizing and detaining another horse and truck wagon as the property of Edward Shafer, and which the plaintiff alleges belonged to him.

It appears that the said Edward Shafer was the owner of an undertaker's establishment which consisted of horses, wagons, and undertaker's materials and the like, and that, being largely in debt, he sold the same to the plaintiff on December 4, 1883.

The property in controversy was a part of this undertaking establishment.

The plaintiff alleges that this sale was a fair bona fide sale for the full value of the establishment, and that he had taken possession of, and had assumed control over, the property sold, under and in pursuance of a contract before the seizure made by the defendants. The defendants, on the other hand, contend that the sale was not bona fide, but was intended to defraud Cyrus Jacoby, one of the defendants, and a creditor of Edward Shafer; that, while the plaintiff was the ostensible owner, Edward Shafer continued to be the real owner of the establishment as much after the sale as before. You have heard the evidence on that subject, and all the testimony in the case, as well as the credibility of the witnesses, is submitted entirely to your determination to find the facts of the case.

The law applicable to the facts in this case is well settled. In order to pass title to personal property, when the rights of creditors are concerned, a sale must be bona fide and for a sufficient consideration accompanied and followed by open, notorious, visible, and actual possession. The change of possession must accompany the transfer, or follow it as speedily as the nature of the case will admit.

If the sale by Shafer to the plaintiff was not bona fide, and for a sufficient consideration, the plaintiff cannot recover. If the purchase and sale were made for the purpose of putting the property out of the reach of Cyrus Jacoby, one of Edward Shafer's creditors, so as to prevent it from being seized and sold for Edward Shafer's debts, the transaction was fraudulent, even though the plaintiff paid full value for the property; and he cannot recover. If, on the other hand, you find that the sale was bona fide and for a sufficient consideration, that the possession accompanied the sale, that the sale was not made for the purpose of hindering and delaying Cyrus Jacoby in the collection of his claim, the plaintiff may recover. If you find these facts in favor of the plaintiff, your next inquiry will be as to the amount of damages, which will be, so far as the horse sold by the defendants is concerned, the cash value of the horse at the time of the sale with interest, and, as to the horse and wagon returned by the defendants, their value to the plaintiff during the time they were detained by the defendants with interest.

If the defendants acted wantonly and maliciously in seizing

the property, you will be justified in allowing, in addition to the value of the property, what are called exemplary damages.

If, however, you find that the sale from Shafer to Berger was not bona fide, or even if bona fide that there was no change of possession, you will have nothing to do with the question of damages, and your verdict will be for the defendants.

Verdict and judgment were for plaintiff.

The assignments of error specified:

1-5. The action of the court in affirming plaintiff's second, third, fourth, fifth, and sixth points, thereby opening the judgment of the supreme court in the same case, in which it was held that Shafer disposed of his property with intent to defraud Jacoby, and that the finding thereof was final and conclusive.

6-8. The answers to defendants' third, sixth, and last points.

9. The action of the court in overruling defendant's objection to plaintiff's offer of evidence, as above noted.

*W. E. Doster,* for plaintiffs in error.—Plaintiff's second point imputes to Shafer the innocent purpose of paying his wife. The third point imputes the same thing. The fourth point imputes to him the innocent purpose of paying bona fide creditors. The fifth imputes an honest indebtedness by Shafer to his wife, and preference to her. The sixth point imputes to Shafer the duty of defending Berger's title.

Certainly all these points might have been properly raised and answered, if Shafer's fraud on Jacoby had been in issue; but if that was *res judicata,* then the treatment of them by the court, as open, was a license to the jury to say that Jacoby was not cheated by him, that he was honestly paying his debts,—in other words, giving them leave to reverse the finding of the justice as affirmed in Jacoby v. Shafer, 105 Pa. 610, and as pronounced finally and conclusively settled in Snyder v. Berger, 18 W. N. C. 490, 4 Cent. Rep. 764.

The action of the court in allowing Shafer to justify himself and contradict and impeach the judgment against him held to be final by Judge STERRETT, in 18 W. N. C. 490, 4 Cent. Rep. 764, was error.

*Robt. L. Cope,* for defendant in error.—Admitting that the judgment of Jacoby v. Shafer was conclusive, in this case, of

the fraudulent purpose of Shafer, it is conceded that Berger may prove that he had no knowledge of Shafer's fraudulent intent. To do this it is certainly competent for him to show that all the acts and purposes of Shafer of which Berger might have had knowledge were not fraudulent in themselves. And if they were not fraudulent, the fact that Berger was cognizant of them could not impute fraud to him. Walker v. Marine Nat. Bank, 98 Pa. 574; Covanhovan v. Hart, 21 Pa. 500, 60 Am. Dec. 57; Uhler v. Maulfair, 23 Pa. 481; Gallagher's Appeal, 114 Pa. 353, 5 Cent. Rep. 725, 60 Am. Rep. 350, 7 Atl. 237; Wingerd v. Fallon, 95 Pa. 184.

OPINION BY MR. JUSTICE STERRETT:

When this case was here before [18 W. N. C. 490, 4 Cent. Rep. 764] we held that, as against Shafer, from whom plaintiff below purchased the property in controversy, it was definitely settled in Jacoby v. Shafer, 105 Pa. 610, that the latter, being indebted to the former, was about to assign and dispose of his property with intent to defraud his creditors, and that the judgment in the case referred to was final and conclusive as to the fraudulent purpose of Shafer; but, inasmuch as Berger was not a party to that suit, he was not precluded from showing that in good faith and for a full consideration he purchased the property from Shafer and had exclusive possession of it before the attachment issued. Snyder v. Berger, 18 W. N. C. 490, 4 Cent. Rep. 764.

The only question, therefore, for determination on the second trial of this case was whether Berger was a party to the previously adjudicated fraud of Shafer.

The burden of plaintiffs in error's complaint now is that the question of Shafer's fraudulent purpose, as well as Berger's active participation therein, was retried and submitted to the jury.

The effort of plaintiff below, to accomplish that result and thus, unintentionally, insure a reversal of the judgment, can scarcely be doubted; and that he did not succeed was not the fault of the learned counsel by whom he was represented. The only question, in regard to which we have any doubt, is whether he was not so far successful, in that direction, as to secure the affirmance of points calculated to mystify the real issue and thereby mislead the jury.

We find, however, that in his general charge, and by unqualified affirmance of defendant's first and second points, the learned president of the common pleas so fully and clearly presented the only issue of fact in the case that it is scarcely possible the jury could have been misled.    In affirming defendant's first point he distinctly stated the facts that have been settled in Jacoby v. Shafer, 105 Pa. 610, and that, as to Shafer's fraudulent purpose, the judgment in that case was final and conclusive.    By unqualified affirmance of defendant's second point, he instructed the jury that if they believed "Berger actively participated in the fraudulent purpose of Shafer (under whom Berger claims), Berger cannot recover and the verdict must be for defendant."

Thus the only issue of fact involved in the case was fairly presented and submitted to the jury in such a way that they could not fail to understand it.    We are not prepared, therefore, to say that there is any error in either of the first five specifications.

There was no error in refusing to affirm defendant's third point; nor in saying to the jury that whether the sale was fraudulent as to Berger or not is to be determined from all the facts in the case.

Defendant's sixth and seventh points were rightly refused. The facts were not such as to warrant the court in saying that the alleged sale to Berger was fraudulent in law and therefore void.

The testimony of Shafer, referred to in the last specification, was properly received.    It was, of course, the right of the plaintiff to show, if he could, that his alleged purchase was bona fide and for full value.    That was the fact in issue; and the testimony complained of was relevant for that purpose.    The sixth to ninth specifications inclusive are also insufficient to justify a reversal of the judgment.

Judgment affirmed.