[Filed April 25, 1887.]

S. M. BERRY, RESPONDENT, v. SOL. KING ET AL., APPELLANTS.

DECREE CANNOT BE COLLATERALLY ATTACKED.—In a suit to enjoin the enforcement of a decree creating a lien on certain land, which had been purchased by the plaintiff subsequent to the rendition of the decree from the judgment debtor; *held,* (1) That the decree could not be collaterally attacked unless it was absolutely void.   (2) That the fact that the complaint upon which the decree was obtained, being for the foreclosure of a mortgage, did not set forth the consideration of the mortgage, was an irregularity which could have been objected to in the trial by the defendant, but did not invalidate the decree finally obtained.

STIPULATION.—It is immaterial that the appointment of a referee is unauthorized where the parties have stipulated that the testimony taken by him may be used in the trial of the cause.

APPEAL from Benton County.   Reversed.

*J. W. Rayburn*, for Respondent.

The complaint did not allege facts sufficient to confer jurisdiction in the foreclosure suit. (*Moore* v. *Ellis*, 18 Mich. 77; *Damp* v. *Town of Dana*, 29 Wis. 419; *United States* v. *Arredonda*, 6 Peters, 709; *Fleichman* v. *Walker*, 91 Ill. 318; *Phipps* v. *Kelley*, 12 Or. 213.)

A judgment *coram non judice* is void.

*John Kelsay*, and *W. S. McFadden*, for Appellants.

A person not a party to a judgment or decree cannot proceed against it, if it did not at rendition affect his rights.

Having taken the land subject to a decree to which his grantor did not object, the grantee must abide by the lien. (Freeman on Judgments [3d ed.], §§ 118, 124, 130, 134, 512.)

The complaint states facts sufficient to constitute a cause of suit. (2 Jones on Mortgages, §§ 1452, 1465.)

LORD, C. J.—This was a suit in equity to enjoin the defendants from selling certain lands, now owned by the plaintiff, upon a certain execution issued for that purpose. Briefly, the facts are: That one C. S. Preston commenced a suit in March, 1881, to foreclose a mortgage upon certain lands described therein, executed by George M. Stroup and wife to secure the payment of a certain note to J. J. Whitney, which was duly assigned to him. After due and legal service, no appearance was entered by the defendant Stroup, and a decree by default was rendered, ordering the sale of the mortgaged property, and providing, in the event of a deficiency after such sale, for a personal judgment for the balance. This decree was duly docketed, and subsequently an execution was issued under which the mortgaged property was sold, but for an amount less than the amount due, which was credited, and no other payments have been made. At the time the decree was docketed, Stroup was the owner of certain other real property which by mesne conveyances the plaintiff Berry now owns, and against which property the execution sought to be enjoined was issued to sell for the payment of such

deficiency, at the instance of the defendant King, in the present suit, who claims to be the owner of said judgment by assignment. Substantially upon this state of facts the court found as a conclusion of law that the decree in the foreclosure suit was void, presumably, on the ground that the complaint in that suit did not state facts sufficient to constitute a cause of suit, and that the plaintiff was entitled to have the injunction made perpetual.

*Decree cannot be attacked unless void.* It will be noted that the plaintiff in this suit took the property subject to the lien of the judgment upon which the execution is now issued and which he seeks to enjoin. Having taken the land subject to a lien of which the grantor made no complaint, he is entitled to no indulgence; and, unless the decree is void—a nullity—the land in question should be subjected to its payment. The attack of the plaintiff, being collateral, and against a decree to which he was not a party, and which in no way affected his rights at its rendition, and with which his grantors were satisfied, he cannot impeach or avoid it, or enjoin an execution issued upon it, unless the decree is void for want of jurisdiction in the court which pronounced it.

*Decree not void.* The objection urged is that the complaint in the foreclosure suit does not set out the condition of the mortgage. The complaint was evidently drafted from one of Estee's forms, and with this exception, admittedly, contains all the general requisites of a complaint. (See 2 Estee's Pleadings, p. 138, form 558.) It alleges the execution and delivery of the note and mortgage, the names of the parties to them, the date and amount, when and where the mortgage was recorded, a description of the premises, the amount claimed to be due, the default upon which the right of suit has accrued, the assignment whereby the right of the plaintiff arises to maintain the suit, the terms of the note, and the execution of the mortgage for the purpose of securing its payment, an explicit statement of the relief sought; but it does not set out, as is usual, the conditions of the mortgage. Confessedly, the subject-matter was within the equity jurisdiction of the court; it had jurisdiction of the parties,

and the facts set up were sufficient to authorize the court to hear and determine them. It may be conceded, that if the objection now urged had been made by the defendants in that suit, the court would have refused to proceed, until the plaintiff obviated it; yet the failure to make it waived it, and authorized the court to proceed to final determination by decree which they cannot now question or impugn, much less the plaintiff in this collateral proceeding. In any event and in any view, no result, upon objection, could have defeated the right of the plaintiff to amend, and have his rights adjudicated under the mortgage. The defendants did not see fit to object,·what right has the plaintiff in this proceeding to complain? No right of his has been abridged or impaired, or any fraud practiced upon him. In fact, it may be well doubted whether the allegation complained of is insufficient in the particular noted. However that may be, we are satisfied that the court had jurisdiction of the subject-matter and the parties, and that the decree is not void.

*Appointment of receiver.* It is claimed that the appointment of the referee by the judge at chambers, for the purpose of taking testimony concerning the assignment to the defendant King, was unauthorized by law, and that such evidence cannot be considered. It is admitted that without this evidence there is no proof of the assignment to the defendant King. Upon that statement of the case, an important question might be presented.

*Stipulation.* But the record discloses that at the ensuing March term the plaintiff obtained leave to file an amended complaint, and then and there it was mutually agreed that the findings of fact before made be considered as the facts upon the issues made by the amended complaint, and that the suit proceed to trial upon the report of the testimony made by the referee. In this view, it is immaterial whether the appointment was irregular or not; the parties have stipulated in court to proceed to trial upon the evidence reported by the referee, have argued their case, and submitted it to the court, and a decree has been rendered, and they, or either of them, cannot now avoid it. Without taking any evidence they might have stipulated the facts to be as reported, and proceeded to trial upon them. Upon

the whole, we find no error, except in the court's conclusion of law, and evidently this occurred from the pressure of business which deprived the learned judge of time for deliberation.

The decree must be reversed and the bill dismissed.