[Filed June 21, 1892.]

## RACHEL CRABILL *v.* L. CRABILL.

JURISDICTION — PARTIES AND SUBJECT MATTER — VALIDITY OF DECREE.—A judgment, or decree, rendered by a court having jurisdiction of the parties and of the subject matter, although erroneous, is not void, but, at best, is only voidable; and is conclusive on the parties until reversed by some direct proceeding.

Baker county: M. D. CLIFFORD, Judge.

Plaintiff appeals. Affirmed.

*M. L. Olmstead,* and *H. E. Courtney,* for Appellant.

*C. A. Johns,* for Respondent.

LORD, J.—This was a suit brought by the plaintiff against the defendant for a divorce, on the ground of desertion and adultery. The defendant demurred, which being overruled, he answered denying all the material allegations, and set up as a further and separate defense that the plaintiff and defendant were already divorced by a decree of the circuit court of Umatilla county, and attaching a copy of the complaint, of the demurrer filed therein, a copy of the findings of the referee, and a copy of the decree rendered on the same, all duly certified, etc., and alleging that the report of the referee therein was, on motion of the plaintiff, by her then attorney of record, in all things and respects confirmed, and that the said circuit court of Umatilla county then had jurisdiction of the parties to the said suit, and of the subject matter thereof, and asking for a decree for costs and disbursements in the present suit. To this further and separate defense the plaintiff demurred, on the ground that it did not state facts sufficient to constitute any cause of defense to the plaintiff's suit, which the court overruled. As the plaintiff refused to proceed further, a decree was rendered for costs and disbursements in favor of the defendant. Was the overruling of the demurrer error?

The contention for the appellant is, that the complaint in the former suit did not state a cause of suit, and, therefore, the decree founded upon it is null and void. It is always important to discriminate between judgments or decrees that are void and those that are merely voidable. A void judgment or decree is never binding, and may be disregarded and treated as a nullity; but a judgment or decree which is merely voidable, is binding upon the parties until reversed by some direct proceeding. There can be no doubt that the circuit court of Umatilla county is invested with jurisdiction to try and determine proceedings in divorce when the parties are properly before it. The dissolution of the marriage contract, or the granting of a divorce, is a subject matter of which the circuit courts of the state have original and exclusive jurisdiction.

The record discloses that the defendant in the former suit appeared and filed a demurrer, which was overruled, and that the state was represented by the district attorney; that the cause was referred to a referee to take the testimony, and to report the same with his findings to the court; that thereafter the referee made his findings upon the testimony and reported the same to the court, which was confirmed by the court on motion of the plaintiff, and a decree for a divorce granted to her. The court, therefore, had jurisdiction of the parties and of the subject matter of the suit; and the decree which it rendered was within the jurisdiction conferred on it by law. Such being the case, the rule of law is well settled that when a judgment or decree is rendered by a court thus invested with jurisdiction of the parties and subject matter, although the judgment or decree rendered therein may be erroneous, it is obligatory until reversed. Such a decree cannot be treated as a nullity merely because it was improvidently made, or in a manner not warranted by law. Whether we should have regarded it as our duty to reverse the decree upon the ground of the insufficiency of the facts to consti-

tute a cause of suit, as now urged, had it been brought before us on appeal, is not the question, as that decree was rendered by a court of competent jurisdiction, having jurisdiction of the parties and of the subject matter of the suit.

In such case, it makes no difference how egregious the error committed by the court in exercising its jurisdiction, its decision is valid and conclusive on the parties until reversed. The case is peculiar. The plaintiff in the former suit and the defendant therein are the identical plaintiff and defendant in the present suit. In the former, as in the present suit, a divorce was sought. Upon her petition a divorce was granted to her, and she now petitions the same judge who rendered the former decree for another decree of divorce, and utterly ignores the former decree. There is no complaint or allegation of mistake, or fraud, or collusion. It is not a case of collateral attack upon the former decree, but an attempt to treat it as a nullity to secure—as it would seem by the present suit for divorce—support and alimony in addition thereto. But this is not the proper method to get rid of that decree. If the plaintiff was dissatisfied with the former decree by reason of any mistake or inadvertence, she could have found a remedy to correct it or vacate it under section 102, Hill's Code, on a proper showing; or, if there was any fraud or collusion practiced upon her when the decree was procured, she could have resorted to equity to set it aside, and obtained her just rights in the premises. As was said by BEAN, J., in *Morrill* v. *Morrill*, 20 Or. 106; 23 Am. St. Rep. 101: "Beyond the methods provided by statute, courts possess inherent powers, to an almost unlimited extent, to redress wrongs by modifying or setting aside judgments obtained by fraud or mistake. But these methods must be resorted to. They give no countenance to the idea that a judgment wrongfully obtained may be completely ignored." As there is no pretense in the pleadings of any fraud or mistake, the

decree in the former suit operates as an estoppel against the plaintiff in the present suit. (*Berry* v. *King*, 15 Or. 165.) As the court below in the former suit had jurisdiction of the parties and of the subject matter, it is of no consequence whether or not the complaint was vulnerable to demurrer, or how egregious the error the court may have committed in the exercise of its jurisdiction, its decision is valid and binding on the parties.

There was no error in overruling the demurrer, and the decree is affirmed.