Argued 18 January; decided 13 March, 1899.

## ALTMAN *v.* SCHOOL DISTRICT.

[56 Pac. 291.]

1. COLLATERAL ATTACK ON JUDGMENT.—A judgment of a court having jurisdiction over the parties and over the subject-matter of the action cannot be collaterally attacked, no matter how defective the complaint may have been, or how erroneous the judgment; for the court, by entering judgment, necessarily decided that the complaint stated a cause of action, which was within its power, so that the court did not proceed either beyond the limits of its power or without having jurisdiction: *Berry* v. *King*, 15 Or. 165, and *Crabill* v. *Crabill*, 22 Or. 588, followed.

2. IDEM.—A judgment cannot be attacked collaterally because the complaint on which it is based does not state a cause of action, or because the judgment was entered within the time allowed defendant to plead: *Woodward* v. *Baker*, 10 Or. 491, followed.

From Multnomah : E. D. SHATTUCK, Judge.

Mandamus proceeding by B. C. Altman against School District No. 6, and its officers and clerk, resulting in a peremptory writ being issued, from which defendants appeal.                                   AFFIRMED.

For appellant there was a brief over the names of *Ira Jones* and *Frank M. Mulkey*, with an oral argument by *Mr. Jones.*

For respondent there was a brief over the names of *McGinn & Simon*, with an oral argument by *Mr. Nathan D. Simon.*

MR. JUSTICE BEAN delivered the opinion.

This is a mandamus proceeding to compel the directors of the defendant school district to draw their warrant on the clerk in payment of a judgment recovered by the plaintiff against the district in the Circuit Court of Multnomah County.   The alternative writ, after alleging the corporate capacity of the district and the official character of the several individual defendants, avers, in substance, that on May 1, 1894, the defendant district became indebted to the plaintiff in the sum of $100 for services as teacher ; that on January 2, 1895, he duly and regularly recovered judgment against it for such sum and interest, together with costs, amounting to $26.50 ; that such judgment has not been set aside, reversed, or modified, and is now in all respects a valid and subsisting judgment ; that on June 20, 1895, the plaintiff, after having acknowledged satisfaction thereof, presented to the defendant directors a certified copy of such judgment, together with a memorandum of the acknowledgment of satisfaction and the entry thereof, and requested that they draw their warrant in payment

of the same, but they refused to do so, although there was, at the time, in the treasury of such district, ample funds for that purpose. The defendants, after their demurrer to the alternative writ had been overruled, answered, denying the indebtedness upon which the judgment in question was based, and the validity of such judgment. For a further and separate defense, they set out a copy of the complaint and return of service on the summons in the action brought against the district by the plaintiff, and alleged that the judgment rendered therein is void because the complaint does not state facts sufficient to constitute a cause of action, and because the return of service is false. Upon motion of the plaintiff, the new matter in the answer was stricken out, and, defendants declining to amend or plead further, judgment was rendered against them as demanded. From this judgment they appeal, and insist that the court was in error in striking out such new matter.

The complaint on which the judgment upon which this proceeding is based was rendered alleged that during the spring of 1893 the plaintiff was employed by the defendant district as a teacher for the term of nine months; that, in pursuance of such employment, he taught school therein until March 24, 1894, at which time it was mutually agreed between him and the district that he should retire from his position as teacher, and relinquish his claim for the balance of his salary, upon payment to him of $100; that he complied with the terms of such contract on his part, but the defendant district, although duly requested, failed and neglected to pay the $100, or any part thereof.

1. The objections now urged to such complaint are that the cause of action set out therein was for unearned wages, and that it failed to allege that the plaintiff, at the time he was employed, had a valid certificate author-

izing him to teach in the common schools of the state. But neither of these objections is available at this time. This is an attempt to impeach the judgment collaterally. It was rendered by a court having general jurisdiction over the subject-matter, and the power to grant the relief contained in the judgment. And the facts set up in the complaint, however imperfectly stated, were sufficient to authorize it to proceed to hear and determine the matter. It may be conceded, for the purpose of this decision, that if these objections had been made at the proper time they would have been sustained (*Ryan* v. *School Dist.* 27 Minn. 433, 8 N. W. 146); but the failure to make them left the court with authority to proceed to judgment. In doing so, it necessarily determined that the complaint stated a cause of action, and its decision therein cannot be questioned or impugned collaterally, even though it may be erroneous : 1 Freeman, Judgm. §§ 116–118 ; *Berry* v. *King*, 15 Or. 165 (13 Pac. 772) ; *Crabill* v. *Crabill*, 22 Or. 588 (30 Pac. 320).

2. It is also sought to impeach the judgment on the ground that the sheriff's return on the summons is false, in that the service was in fact made by him in Clackamas, and not in Multnomah, County, as he certified. It is believed that in a collateral proceeding the return of the officer is conclusive upon that point, but whether it is or not is immaterial, for the record shows that the defendant school district is situate in both Multnomah and Clackamas counties, and therefore the service of process upon its clerk in either county would be valid ; and the fact that it was not given all the time allowed by law after the service of the summons in which to plead will not vitiate the judgment or make it subject to collateral attack : *Woodward* v. *Baker*, 10 Or. 491. It follows that the judgment must be affirmed, and it is so ordered.

AFFIRMED.