Argued 6 March; decided 3 April, 1899.

## MCNARY v. BUSH.

[56 Pac. 646.]

1. JUDGMENT—COLLATERAL ATTACK ON JURISDICTION.—A judgment or decree rendered by a court having jurisdiction of the parties and of the subject-matter, though it may be erroneous, is not void, and cannot be collaterally attacked.  Such a judgment or decree is conclusive on the world until reversed by some direct proceeding:  *Altman* v. *School District*, 35 Or. 85, cited.

2. RECEIVERS FOR CORPORATIONS—COLLATERAL ATTACK.—The appointment of a receiver for an insolvent corporation on the direct application of a stock-

holder, in a suit brought for the sole purpose of closing up the affairs of the corporation, is not subject to collateral attack where the court had jurisdiction of the corporation, since the subject-matter was within its jurisdiction, under Hill's Ann. Laws, § 1061, authorizing the appointment of a receiver for insolvent corporation in any civil action or proceeding against it.

From Marion :     HENRY H. HEWITT, Judge.

This is a suit brought by H. P. McNary, as receiver of the Williams & England Banking Company, to have a judgment recovered by the defendant A. Bush, against the company, subsequent to his appointment as receiver, declared not a lien upon the property and assets thereof. The facts material to an understanding of the questions presented for adjudication are that the Williams & England Banking Company was a corporation engaged in a general banking business in the City of Salem, and was the owner of a large amount of real and personal property.    On the fourteenth of November, 1895, J. A. Baker, one of its stockholders, filed a complaint in the Circuit Court of Marion County against it, in which he averred, in substance, that the capital stock of the corporation was $200,000, and that he was the owner of twenty paid-up shares thereof, of the par value of $2,000 ; that it had been conducting a general banking business, and had received large sums of money on deposit from divers persons, which amounted, in the aggregate, to about $130,-000 ; that it had invested a large amount of money, consisting of its capital stock and a percentage of its deposits, in securities of various amounts represented by bills receivable, discounts, real estate, bank buildings, and office furniture, the aggregate value of which was about $275,-000 ; that by reason of the stringency in the money market, and various rumors affecting the credit of the corporation, unusually heavy demands had been made upon it by its depositors, by reason of which, and its inability to convert its assets into money, it had been obliged to

suspend payment, and by reason thereof was threatened with numerous and divers actions at law and proceedings by attachment, and there was great danger of its assets being wasted without liquidating its liabilities to its depositors ; that, if its assets should be properly and judiciously handled, without unnecessary cost and litigation, sufficient could be realized therefrom to liquidate in full all its liabilities to its creditors. The relief prayed for was the appointment of a receiver, with the usual and necessary powers, to take charge of the property and assets of the corporation, and dispose of the same under the orders of the court, for the purpose of distributing the proceeds equitably among its creditors, and the surplus, if any, to its various stockholders. Upon the filing of the complaint a summons was issued, and served upon the corporation, and thereafter, and on the same day, an order was made appointing the plaintiff receiver, with the usual and ordinary powers. On the thirteenth of February, 1896, the defendant, who was a creditor of the banking company at the time of the failure, duly recovered a judgment against it and George Williams and William England as sureties, for the amount of $10,616.67 and costs and disbursements, and the object of this suit is to have such judgment decreed not to be a lien upon the real property of the corporation now in the hands of the plaintiff as receiver. There was a decree for plaintiff.                              Affirmed.

For appellant there was a brief and an oral argument by *Mr. Geo. G. Bingham*, to this effect :

Hill's Ann. Laws, § 1061, subd. 4, provides for the appointment of a receiver in a pending suit, but does not give the court jurisdiction to appoint when the principal, and, as here, the only, relief is to wind up the

affairs of the corporation. A receiver can only be properly appointed when there is a suit pending : Hill's Ann. Laws, § 1061; High, Rec. (3 ed.) § 17; Smith, Rec. § 13; Spelling, Priv. Corp. § 851; *Neal* v. *Hill*, 16 Cal. 145; *French Bank Case*, 53 Cal. 495; *Jones* v. *Bank of Leadville*, 10 Colo. 464 (17 Pac. 272); *Wallace* v. *Pierce Pub. Co.*, 101 Iowa, 313 (70 N.W. 216); *Buker* v. *Hoke*, 80 Fed. 973; *Lawrence Iron Works* v. *Rockbridge Co.*, 47 Fed. 755; *Atlantic Trust Co.* v. *Consolidated Storage Co.*, 49 N. J. Eq. 402 (23 Atl. 934); *Espuela Land Co.* v. *Bindle*, 5 Tex. Civ. App. 18 (23 S. W. 819); *State ex rel.* v. *Ross*, 122 Mo. 435 (25 S. W. 947).

For respondent there was a brief and an oral argument by *Messrs. Woodson T. Slater* and *Tilmon Ford*.

Mr. Justice Bean, after making the foregoing statement of facts, delivered the opinion of the court.

1. There are several questions presented by the record, but, in the view we have taken of the matter, the only one necessary to be considered is the contention of the defendant that the appointment of the receiver was null and void. Our statute (Hill's Ann. Laws, § 1061) provides that "A receiver may be appointed in any civil action, suit or proceeding, other than an action for the recovery of specific personal property— * * * 4. In cases provided in this code, or by other statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." And the contention for the defendant is that under this statute a court of equity has no jurisdiction or power to appoint a receiver except as ancillary to an actual pending suit; in other words, that it is a prerequisite to such an appointment that there shall be a suit pending, in which the application is made.

And it is claimed that the appointment of the plaintiff is void, because there was in fact no such suit, but the sole object and purpose of the complaint filed by Baker was to obtain the appointment of a receiver because the corporation was insolvent. If this was a direct attack upon the order appointing the receiver, there would be much force in the defendant's position, and it would find support in a very large majority of the adjudged cases. The rule is quite universal that the mere insolvency of a corporation will not of itself warrant the appointment of a receiver, but it must also appear that the plaintiff has a probable cause of action against it, "and that the benefit to result from his recovery will either be wholly lost or substantially impaired by reason of such insolvency, unless a receiver is appointed:" High, Rec. § 18; Smith, Rec. 41; *French Bank Case*, 53 Cal. 495. This, however, is not a direct, but a collateral, attack, and in such case the rule is that if the court making the appointment has jurisdiction of the subject-matter and of the parties, its orders and proceedings, even though erroneous, are not void. "Whenever the validity of the appointment of a receiver is called into question in a collateral proceeding;" says Mr. Thompson, "whether in an action brought by the receiver or otherwise, the appointment will be conclusively presumed to have been properly made, provided it appear that the court had a general power to make such appointment, and that it had jurisdiction in the particular case; and this is equally true whether the general power of the court to appoint such a receiver is held to exist under the principles of equity jurisprudence or to have been conferred by a statute. We shall see that the proceeding to appoint a receiver is essentially a proceeding against the corporation, and that the corporation is a necessary party. The test by which to determine in a collateral proceeding

whether the appointment is to be upheld is therefore to consider whether it is binding on the corporation, for, if it is binding on the corporation, it cannot be questioned by third persons :" 5 Thompson, Corp. § 6864. This is but an application of the familiar rule that a judgment or decree rendered by a court having jurisdiction of the parties and of the subject-matter, although erroneous, is not void, but is conclusive until reversed by some direct proceeding : *Berry* v. *King*, 15 Or. 165 (13 Pac. 772) ; *Crabill* v. *Crabill*, 22 Or. 588 (30 Pac. 320) ; *Altman* v. *School Dist.* 35 Or. 85 (56 Pac. 291).

The statute of Indiana provided that a receiver might be appointed "in actions between partners :" Rev. St. 1881, § 1222. In *Pressley* v. *Lamb*, 105 Ind. 171 (4 N. E. 682), it appears that Alfred and John Harrison were partners doing a banking business at Indianapolis ; that they became insolvent, and a complaint was filed by one partner against the other, alleging, in substance, that they were bankers ; that "a run" had been going on by their depositors for several days, whereby their cash had been so reduced that they were unable longer to continue business, and were insolvent ; that, in order to prevent a multiplicity of suits, and to save the assets for their creditors, it was important that a receiver be appointed, etc. The other partner signed an answer admitting all the allegations of the complaint, and gave it to the complaining partner, who presented both the complaint and answer to the judge in vacation, who, considering the proceedings as "an action" within the meaning of the statute, appointed a receiver. At the time these proceedings took place, Pressley was a creditor of the firm, and thereafter sued, and recovered judgment against its members for the amount of his debt. He thereupon filed a complaint setting out in detail the facts touching the appointment of the receiver, and charging that it was

void because without the jurisdiction of the court, and praying that the lien of his judgment should be declared to be prior to the claim and right of the receiver. It was insisted in that case, as here, that the order appointing the receiver was void, because the proceedings upon which it was based were not "an action" within the meaning of the statute, and the answer of the defendant did not give the court jurisdiction of the person; but the court, answering the contention, said that: "Whether the complaint of Alfred Harrison or the answer of John C. S. Harrison be good or bad, or whether the court, or judge in vacation, committed an error in any of the acts, orders, or proceedings had or done upon such complaint and answer, are questions we are not required to consider and decide in the case in hand. Such acts, orders, or proceedings, even though they might be found to be erroneous, were certainly not void, because, as we have seen, the court or judge in vacation had jurisdiction of the subject-matter and of the persons of the parties. Appellant's suit is a collateral attack on such acts, orders, and proceedings of the court or judge in vacation in the appointment of the appellee as receiver, and cannot be maintained."

In *First Nat. Bank of Mauch Chunk* v. *United States Encaustic Tile Co.*, 105 Ind. 227 (4 N. E. 846), a receiver of the tile company was appointed upon the complaint of two of its stockholders alleging that the company was indebted in a large sum of money, and was unable to meet its paper in the due course of business, and was in imminent danger of insolvency; that it was employing a large number of hands, and had many valuable contracts outstanding, and a large stock of manufactured goods on hand; that it would be disastrous to the business of the corporation and to its creditors and stockholders if the operations of its factory should be stopped;

and if a receiver was not appointed to take charge of its assets they would be wasted and dissipated by sales upon execution, and the interest of its creditors be sacrificed. The plaintiff, who was an execution creditor, subsequently brought suit to have the order appointing the receiver vacated, and declared void, and to subject the real and personal property under his control to levy and sale on his execution, on the ground that the suit in which the appointment was made was not an adversary suit as between the parties thereto. But the court held that the order was not void, and not subject to collateral attack, and therefore dismissed the complaint.

2. It is argued in this case that the circuit court had no power to appoint the plaintiff as receiver because Baker's complaint, invoking its authority in that behalf, shows that it was an attempt to obtain the appointment of a receiver on the ground of insolvency alone, but, as we have seen from the authorities cited, that question cannot be raised in a collateral proceeding. The Circuit Court for Marion County is a court having general equity powers, which include the power of appointing a receiver in a proper case. When Baker's complaint was presented to it, and an application made for the appointment of a receiver, it had to determine whether or not the facts stated therein constituted "an action, suit, or proceeding" within the meaning of the statute; and its decision in that regard, although erroneous, is not void, and therefore not subject to collateral attack: Van Fleet, Coll. Attack, § 66. The only case cited which seems to support a contrary conclusion is that of State ex rel. v. Ross, 122 Mo. 435, (25 S. W. 947). In that case a receiver of a railway company had been appointed upon the petition of the company itself alleging its insolvency, and it was held by a majority of the court, upon an application for a writ of prohibition, that the appointment was improvi-

dently and erroneously made, because there was no cause of action or real controversy alleged against anybody in the petition asking for the appointment; and, while there are some expressions in the opinion of Mr. Justice Brace to the effect that such an appointment might be assailed collaterally, it will be observed that in the closing part of the opinion he seems to treat the writ of prohibition, under the practice prevailing in Missouri, as the equivalent of an appeal or writ of error, and governed by the same rules. This is the construction put upon his opinion by Mr. Thompson, the editor of the American Law Review (vol. 28, p. 925), with whom we concur in the view that the dissenting opinion of Mr. Justice Barclay "develops the evident weakness of the opinion of the court," and "seems to make a conclusive case in favor of the jurisdiction by pointing out" that the court making the appointment "was a court having general equity powers, and that it is within the general powers of a court of equity to appoint a receiver in a proper case." It follows from these views that the decree of the court below must be affirmed, and it is so ordered.                                    Affirmed.

Decided 22 May; rehearing denied 17 July, 1899.