Submitted on briefs April 13, affirmed as modified October 26,
1955, petition for rehearing denied January 11, 1956

# MILLS *v.* LIQUIDATORS

288 P. 2d 1060

*Reeves, Reeves & Webb, Frank H. Reeves* and *Jesse F. Webb,* all of Portland, filed briefs for appellant.

214

*Vergeer & Samuels, Duane Vergeer* and *Charles S. Crookham,* all of Portland, filed a brief for respondent.

PERRY, J.

This is an action at law brought by the plaintiff against the defendants Liquidators, a corporation, and Frank H. Reeves, to recover damages arising from the wrongful conversion of plaintiff's property by and through the acts of the defendants.

During the course of the trial the action was dismissed as against the defendant Reeves and proceeded to judgment only as against the defendant Liquidators, a corporation. In this opinion we will refer to Liquidators, a corporation, as the defendant.

At the time the cause of action arose, the plaintiff was in the employment of the Acme Fast Freight Company of Portland, and the defendant was engaged in operating a collection agency in the same city.

The record discloses the following: That in 1932 the defendant had obtained a personal judgment against one Helen M. Willhoite; on January 10, 1952, the defendant, having learned a Helen M. Willhoite was employed by the Acme Fast Freight Company, caused an execution to issue upon this judgment, directing garnishment against any money of Helen M. Willhoite due and owing to her by the said Acme Fast Freight Company. The Helen M. Willhoite against whom the judgment had been obtained was not the same person as the plaintiff in this case, although the name of the plaintiff as it appeared upon the personnel card of the Acme Fast Freight Company was "Helen Mills Willhoite" at the time of her employment by the company in 1950.

The exact similarity of names is accounted for in the following manner: The judgment debtor's name was Helen M. Willhoite; the plaintiff's given name was also Helen, her maiden name was Mills, and at the time of her employment with the Acme Fast Freight Company in 1950, she was the wife of a son of the judgment debtor, and she was enrolled in the records of the company as "Helen Mills Willhoite". The plaintiff obtained a divorce from the son of the judgment debtor prior to the issuance of the writ of garnishment, and she was at the time of the garnishment properly using the name "Helen Mills".

Since the name on the garnishment notice was the same as that under which the plaintiff was first employed, the company refused to release her weekly pay check then due, and this action was thereafter commenced.

The jury returned a verdict for the plaintiff against the defendant for the sum of $1,750 general damages, and $2,500 punitive damages, from which judgment as entered the defendant has appealed.

The defendant contends that the trial court erred in permitting the introduction of any evidence for the reason that the complaint does not state a cause of action.

The burden of defendant's argument is, first, that the execution and writ of garnishment were based upon a valid judgment directed against Helen M. Willhoite, and, since they were not directed against the plaintiff Helen Mills, they cannot be wrongful as to her; second, that the total claim of damages as set out by the plaintiff is based upon an emotional disturbance for which damages are not allowable in this state, citing *Fehely v. Senders,* 170 Or 457, 461, 135 P2d 283, 145 ALR 1092.

■■ Defendant's first contention is without merit. The complaint, after alleging the defendant had obtained a judgment against Helen M. Willhoite, states:

"* * * that on the 10th day of January, 1952, the defendants and each of them wrongfully caused an execution and garnishment to issue in the District Court of the State of Oregon for the County of Multnomah, whereby the Constable was directed to and did execute against plaintiff's wages then due to her from her employer, although this plaintiff is not the identical person named in the District Court action above described, to-wit, Helen M. Willhoite, although such fact was known to these defendants."

No demurrer to the complaint was filed by the defendant. Instead the defendant answered, and only objected to the complaint at the time of trial. Under such circumstances, the complaint is entitled to all the intendments in its favor which may be invoked after there has been a decision on the merits. *Sullivan et al. v. Carpenter,* 184 Or 485, 199 P2d 655; *Cooper v. Hillsboro Garden Tracts,* 78 Or 74, 152 P 488. The rule of law in such a case is "* * * 'that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the court, there the want of the express statement is cured by the verdict, provided the complaint contains terms sufficiently general to comprehend the facts in fair and reasonable intendment': * * * *Garner v. Marshall,* 9 Cal 269." *Nicolai v. Krimbel,* 29 Or 76, 84, 43 P 865.

■ Though not clearly stated, we assume the defendant's contention is based upon the general rule of law that "When plaintiff places his execution in the hands of an officer for service, he is presumed to intend that

no action shall be taken thereunder not authorized by the terms of the writ, and he will not be liable for a wrongful execution of the writ unless he ordered or directed the officer or participated directly or otherwise than by merely suing out the process. But if it is shown that the execution creditor advised, directed, or assisted the commission of the unlawful act, he will be equally liable with the officer for the injury sustained.'' 23 CJ 973, Executions, § 1228; 33 CJS, Executions, 839, § 456; *Sabin v. Chrisman,* 90 Or 85, 175 P 622; *Barnes v. Esch,* 87 Or 1, 169 P 512.

The record discloses that the defendant prepared the process of garnishment, and thereby directed the officer to attach the moneys of the Helen M. Willhoite employed by the Acme Fast Freight Company.

Construing the complaint liberally, it contains terms sufficiently general from which it may be gathered that not only did the defendant cause the execution to issue, but it also directed the constable to execute against the wages of this particular plaintiff, and the complaint is, therefore, sufficient after verdict.

The defendant's second contention relating to damages is likewise untenable. The complaint states clearly that there was an interference with the property of the plaintiff.

An action for wrongful attachment is in the nature of an action in trespass for conversion of personal property; ''malice and want of probable cause are not essential elements of an action for damages for wrongful garnishment, * * *''. 38 CJS 608, Garnishment, § 311. It is well settled that nominal damages may be awarded in an action for conversion, proof of actual damages being unnecessary. ''Although no actual loss is shown, if there has been a technical conversion the defendant is liable for at least nominal

218

damages." 89 CJS 642, Trover & Conversion, § 161; *Davis v. Shemper*, 210 Miss 201, 49 So2d 253.

■ Defendant did not file a motion to strike the allegations claiming damages for nervous mental shock. Neither did the defendant object to the evidence as introduced upon this issue, nor did the defendant object to the court instructing the jury upon this measure of damages. So in the language of this court: "* * * Be it so; but it is not error simply, but error legally excepted to that constitutes ground for reversal." *Kearney v. Snodgrass*, 12 Or 311, 316, 7 P 309.

Defendant also assigns as error the failure of the trial court to sustain its motion for a directed verdict, and its motion for judgment notwithstanding the verdict, or, in the alternative, a new trial.

■ Plaintiff's complaint sets forth two so-called causes of action against the defendant, listing her claim for punitive damages as a second separate cause of action. This is not good pleading for but one cause of action is stated. *Rennewanz v. Dean*, 114 Or 259, 229 P 372.

It appears, however, from the record, that the matter of general damages and punitive damages was treated throughout the trial by the parties and the trial court as though they were in fact separate causes of action, with even the jury returning a verdict in regard to the issue of punitive damages in the following manner: "plaintiff's damages on her second cause of action in the sum of $2,500".

■ We have carefully examined the record, and we are satisfied the trial court was not in error in denying the defendant's motion for a directed verdict and its motion for a judgment notwithstanding the verdict, or, in the alternative, a new trial, on the so-called first cause of action for compensatory damages.

As to the motion directed against the so-called second cause of action, the question was raised before the trial court, and that court expressed a doubt as to whether or not the sufficiency of the evidence as a matter of law justified the submission to the jury of the question of punitive damages. *Rennewanz v. Dean,* supra.

We have carefully examined the transcript of the evidence, presented in a light most favorable to the plaintiff, and we are compelled to the conclusion that, although the plaintiff alleged the defendant knew the plaintiff was not the Helen M. Willhoite, judgment debtor, there is neither direct evidence of this fact, nor are there any facts adduced from which a reasonable inference may be drawn that the defendant knew the plaintiff and the judgment debtor were in fact different individuals, each having the same given name, middle initial, and surname, or that the plaintiff's true name at the time of the issuance of the execution was Helen Mills. The evidence shows no more than the fact that, after ascertaining that a Helen M. Willhoite was employed by the Acme Fast Freight Company, no further effort was made by the defendant to ascertain that the Helen M. Willhoite so employed was in fact the judgment debtor.

Since punitive damages are not favored in the law, it has been said: "* * * It is only in exceptional cases of negligence that the law will permit punitive damages to be awarded". *Gill v. Selling et al.,* 125 Or 587, 591, 267 P 812, 58 ALR 1556; *Perry v. Thomas et al.,* 197 Or 374, 391, 253 P2d 299.

In the case of *Gill v. Selling,* supra, a doctor made a spinal test upon the wrong individual; the injured party sought punitive damages. This court, in revers-

ing the judgment for the plaintiff, and speaking with reference to punitive damages, found that the evidence adduced was that of ordinary negligence and not of gross negligence, stating that the act did not evidence utter indifference as to the welfare of the patient, and that there was certainly no evidence of bad motives nor intent to injure.

While the facts in the case before us and the case just discussed are dissimilar, the nature of the act which gives rise to the cause of action in each case is an act of omission, that is, under circumstances which might mislead a reasonable person, there was failure to properly identify the person injured. See also *Martin v. Cambas,* 134 Or 257, 293 P 601.

■ This court being of the opinion that there is no evidence of gross negligence, the trial court erred in submitting the issue of punitive damages to the jury.

The defendant also assigns as error the refusal of the trial court to give certain of its requested instructions. We have great doubt as to whether or not this assignment of error is properly before this court. *Diller v. Riverview Dairy,* 133 Or 442, 288 P 401. Nevertheless, we have carefully considered the requested instructions insofar as they apply to the plaintiff's first cause of action, and we find no error.

Since the amount determined by the jury as compensatory damages is separated in the verdict from the amount allowed as punitive damages, we find no difficulty in affirming the verdict for the plaintiff as to the compensatory damages allowed, and in directing the deletion of the punitive damages from the judgment rendered. *Martin v. Cambas,* supra.

In conformity with this opinion, the judgment of the trial court is affirmed as modified.