Argued June 6, affirmed July 12, petition for rehearing
denied September 5, 1961

## HILL *v.* G & W DEVELOPMENT
## CORPORATION ET AL

363 P. 2d 763

*Arthur H. Lewis,* Portland, argued the cause and filed briefs for appellants.

*Byron Glade Birch,* Portland, argued the cause for respondent. With him on the brief was Virgil Colombo, Portland.

94

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL and LUSK, Justices.

SLOAN, J.

This was a suit to foreclose a mechanics lien. The trial court entered a decree which awarded plaintiff a lien on real property owned by defendant G & W Development Corporation. That defendant appeals from the decree. The other named defendants are not here involved. In this court, for the first time, defendant challenges the sufficiency of the complaint.

In the absence of prior demurrer we must give to the complaint every benefit of the doubt. If the allegations of the complaint state sufficient facts in general form to enable one to comprehend the fair and reasonable intendment thereof, the allegations are sufficient after trial on the merits. *Mills v. Liquidators,* 1956, 206 Or 212, 216, 288 P2d 1060.

The questionable allegation is this: "That between the 24th day of August, 1959, and the 18th day of February, 1960, at the special instance and request of said G & W Development Corporation, an Oregon corporation, the plaintiff performed labor in the alteration and repair of a certain building" owned by defendant corporation. Defendant says that the complaint failed to allege that plaintiff had completed the construction or had ceased to labor thereon as required by ORS 87.035. Defendant relies on *Anderson v. Chambliss et ux,* 1953, 199 Or 400, 262 P2d 298.

In *Anderson v. Chambliss* the court held that the failure of plaintiff to allege that he had completed performance of his contract was fatal. Our case is distinguishable. Here plaintiff did not allege a contract and performance thereof. He alleged that he

had labored on defendant's structure between the dates set forth. When we look at the complaint with the tolerant vision used at this stage of the proceedings we are convinced that the reasonable intendment of the allegation is that plaintiff "ceased to labor" on February 18, 1960. The failure to use those precise three words should not be held fatal here.

The rule favoring the challenged pleading after judgment is one of reason and practicality. If the pleading is accosted by demurrer at the proper time the pleader may amend. A good cause of action or defense would not necessarily be lost because of inadequate expression. Now he would be denied relief. Litigants' rights should be decided on merit, not technicality.

The sufficiency of the evidence is also questioned. The record has been examined to see if plaintiff proved the allegations of his complaint. The evidence was conflicting on most of the essential issues. Decision revolves itself to testing the truth of the testimony of the witnesses. In that area of decision the trial judge has the advantage. His findings show that he believed plaintiff and his witnesses. When believability is the crucial concern we must, and do, give extra heed to the trial court's findings. However, our examination of the evidence confirms the trial judge's appraisal. There was much of the pertinent testimony of defendant corporation's officers that was unbelievable. The decree must be affirmed.

Plaintiff has cross-appealed from the trial court's elimination of one claim included in the lien. The item was separable from the remainder of the items claimed and not lienable. The cross-appeal is denied.