Argued February 8, affirmed May 23, petition for rehearing denied
June 12, 1962

# OWEN *v.* BRADLEY

371 P. 2d 966

*Arthur C. Johnson,* Eugene, argued the cause for appellant. On the brief were Johnson, Johnson & Harrang, Eugene.

*Thomas E. Brownhill,* Eugene, argued the cause for respondent. On the brief were Riddlesbarger, Pederson, Brownhill & Ingerson, Eugene.

Before McALLISTER, Chief Justice, and WARNER, PERRY, SLOAN and LUSK, Justices.

WARNER, J.

This is a suit in equity brought by plaintiff, George Owen, to foreclose a chattel mortgage upon a Sterling logging truck and trailer owned by defendant Juanita Bradley and managed and operated by her husband, defendant J. G. Bradley. The trial court found against Juanita Bradley① for the amount alleged to be due upon the second note, together with attorney fees, and also decreed that the chattel mortgage be foreclosed. From that judgment and decree, defendant Juanita Bradley, alone, appealed.

Plaintiff was guarantor on the promissory note of defendants Bradley and later by payment became the assignee of the mortgage and note.

The material averments of the pleadings are as follows:

The complaint alleged that on January 2, 1953, defendants, for value received, executed and delivered to one Juanita Gale the promissory note above referred to and described *haec verba* in paragraph II

---

① In the answer of the Bradleys, defendant J. G. Bradley pleaded an adjudication and discharge in bankruptcy prior to the filing of plaintiff's suit, and apparently the court found that the plea was well taken, hence the judgment against Mrs. Bradley, alone.

thereof. In paragraph III we find the only allegation respecting the mortgage. It reads:

"That at the same time that the said note was executed and delivered as above set out and as a part of the same transaction, Defendants executed and delivered to Juanita Gale a chattel mortgage lien on a 1948 Sterling Truck, Motor No. 63387, Factory No. 160RWS6675 and a Trailer, Utility, 4 wheels, Factory No. W516217, to secure the payment of said note."

The complaint then averred that on August 26, 1958, Juanita Gale, as the payee, for a valuable consideration, delivered the note and chattel mortgage lien to plaintiff and that he was thus the lawful owner and holder of the note and mortgage, and that defendants failed to pay the balance due on said note in the sum of $2,976.63, plus interest. Plaintiff prayed for a judgment against defendants Bradley for the unpaid balance, plus interest, and $450 as reasonable attorney fees, and for a decree foreclosing the chattel mortgage lien and ordering that the proceeds of the sale of the truck and trailer be applied to the payment of plaintiff's judgment.

In their amended answer, defendants admitted the execution and delivery of the note and chattel mortgage as described in paragraphs II and III of the complaint, but denied that any balance was due on the note. For a separate affirmative answer, defendants set up matter relative to alleged oral leases of the truck made by and between plaintiff and Juanita Bradley. They prayed: (1) that the complaint be dismissed; (2) that the court require an accounting of the moneys allegedly due defendant Juanita Bradley from plaintiff for the rental of the truck and trailer; and (3) that defendant Juanita Bradley recover for damage done to the truck while in plaintiff's posses-

sion. Plaintiff replied, denying the affirmative allegations of the answer.

The argument of defendant-appellant, for the purpose of our consideration, may be divided conveniently into two parts: her claim of the insufficiency of the pleading and proof of plaintiff's chattel mortgage, and her claims arising from plaintiff's alleged operation and possession of the truck.

We now give attention to the first part, wherein it is contended by defendant-appellant that the decree was in error due to the fact that the complaint failed to allege and the plaintiff failed to prove the terms and conditions or breach by defendants of the terms and conditions of the chattel mortgage.

The sufficiency of the complaint was not raised in the court below. However, under ORS 16.330, a defendant by failing to raise this question, either by demurrer or answer, does not waive his objection that the complaint fails to state a cause of suit. Under such a state of the record every reasonable inference will be resolved in support of the complaint in this court unless it has omitted an allegation material and necessary to a maintenance of the suit. *Washington Investment Association v. Stanley,* 38 Or 319, 326, 63 P 489, 84 Am St Rep 793, 58 LRA 816 (1901); *Dippold v. Cathlamet Timber Co.,* 98 Or 183, 191, 193 P 909 (1920), and cases there cited; *Blue River Sawmills v. Gates,* 225 Or 439, 474, 358 P2d 239 (1961). We have held that if the allegations of the complaint state sufficient facts in general form to enable one to comprehend their fair and reasonable intendment, then the allegations are sufficient after trial on the merits. *Mills v. Liquidators,* 206 Or 212, 216, 288 P2d 1060 (1956); *Hill v. G & W Development Corp.,* 228 Or 93, 94, 363 P2d 763 (1961).

A ground for dismissal identical to that now urged by defendant has been denied by this court in two prior mortgage foreclosure suits: *Berry v. King,* 15 Or 165, 167, 13 P 772 (1887); and *Washington Investment Association v. Stanley,* supra (38 Or at 326-327). In the *Stanley* case, the defendant argued, as does defendant in the case at bar, that the complaint "neither set up the mortgage by copy or exhibit, nor stated the substance or purport of its provisions, and that, therefore, the court cannot determine what are its conditions, or whether or not they, or any of them, have been broken so as to entitle the plaintiff to a foreclosure." (38 Or at 326) In each of these cases this court conceded that the complaints were defectively stated in that they failed to either set forth copies or the substance of the respective mortgages. Nevertheless, in both instances it was held that in the absence of a demurrer, the respective plaintiffs would be given the advantage of all intendments and although each complaint was defectively stated, neither omitted any of the general requisites of a complaint and each thus showed a cause of suit which would support a decree. See, also, *Winters v. Privett,* 86 Or 501, 506, 168 P 942 (1917); *Pearson v. Richards,* 106 Or 78, 85, 211 P2d 167 (1922); *Rayburn v. Crawford,* 187 Or 386, 394, 211 P2d 483 (1949).

There was not an entire omission to state an essential element in plaintiff's suit, but at best only a defective statement. From the complaint we derive the following elements sufficient to support an equitable lien, and in this instance a lien as security for the debt represented by the note. They are: (1) the specific character of the debt; (2) the property against which the lien is asserted; (3) a specific designation of the debtor-mortgagors; (4) a specific designation

of the creditor seeking to foreclose the lien; (5) a clear and positive statement of the intent of the debtor to subject the property described to the lien of the mortgage; and (6) the want of any other parties who might suffer inequitably if the lien were foreclosed. Certainly, there was enough in the complaint to notify defendants in general terms that plaintiff claimed a chattel mortgage lien to secure any payments found due on the note and that he sought a decree foreclosing the same because of their default in the payment of the note.

We also take note that plaintiff is not depending upon any special covenant or condition in the mortgage, if any there are, to enhance his recovery or expand his relief against defendants. The only default asserted by him arises from the alleged nonpayment of the note according to its terms. The only relief sought is for a judgment for the unpaid balance due on that obligation and a foreclosure sale of the truck under the lien of the mortgage to satisfy in whole or part the judgment ordered.

■ We think plaintiff made a *prima facie* case under his pleading, notwithstanding defendant's argument to the contrary, which rests entirely upon the claim that plaintiff failed to prove the contents of the mortgage. This, of course, he was relieved from doing by defendants' answer, wherein they admitted the allegations of paragraphs II and III of plaintiff's complaint, respectively relating to the note and the mortgage lien given as security for its payment.

■ If there were any special provisions within the mortgage accruing to the benefit of defendants, which, if pleaded and proved, would have abated plaintiff's suit or barred the relief he sought, the burden was

upon the Bradleys, not the plaintiff, to have pleaded them.

Under the circumstances, we find no merit in Mrs. Bradley's contention that plaintiff's complaint was vulnerable to the charge of insufficiency, and as a corollary thereto, her further contention that the court should have dismissed the complaint and heard the case presented by their answers, sitting as a court of law.

We now give our attention to the second part of appellant's argument, all of which relates to her first affirmative defense that she is entitled to an accounting from plaintiff for rentals accruing from his operation of the truck during a period from April 24, 1956, to January 30, 1958, under a series of alleged oral leases made by him with defendant J. G. Bradley, as the agent of his wife, and which returns he failed to apply on the second note then held by Mrs. Gale. This second part also arises out of defendant's second separate affirmative answer and counterclaim for $10,000 as rental of the truck from January 30, 1958, to date of the answer.

It was the testimony of plaintiff, when called as a witness in behalf of the Bradleys, that he did not at any time take the truck and operate it himself. Taking Owen's testimony as a whole, it is manifest to us, as it no doubt was to the trial court, that plaintiff did not personally lease the truck from Mrs. Bradley or her husband, acting as her agent. We are persuaded from the showing made that Mr. Owen had a deep interest in helping the Bradleys find a productive use for the truck which would result in paying the note that Owen had guaranteed and which he was ultimately required to pay; and that he, on the other hand, in-

dulgently attempted to help them redeem this obligation by trying to find for them renters for the truck under terms which seemed to promise an ultimate liquidation of the balance due on their note. This help by Owen was after Mr. Bradley had retired from the trucking business.

The Bradleys labor to make it appear that plaintiff in such transaction stood as a lessee of the truck and each subsequent operator was a sublessee of Owen. They would further have the court believe that in each of the four or five subsequent operations by others, all of which proved unprofitable, Owen was nevertheless obligated to Mrs. Bradley for the reasonable rental value under the claimed leasing arrangement between the Bradleys and Owen and that such rental should be treated as a credit upon the balance due under the note given to Mrs. Gale.

There is no question but that as a result of negotiations between plaintiff and various third parties, the truck was intermittently used on jobs during 1956, 1957, and probably 1958, but then only after such given rental arrangements with such parties were approved by defendant J. G. Bradley. Nor is there any doubt that since that time and up until shortly before the trial the truck had been sitting near a mill, at Reedsport, Oregon, owned by plaintiff. It is also conceded that if the truck earned any money from being run on these various jobs since April, 1956, then plaintiff was to apply such sums, if any, to reduce defendants' obligation on their note. However, it appears that plaintiff at no time ever guaranteed any return on any of the jobs the truck went out on.

■ Plaintiff testified that on all the runs made by the truck while in the possession of parties approved by

Mr. Bradley, the expenses exceeded the income realized and, consequently, there having been no profit from these operations, nothing was ever paid to either plaintiff or to Mrs. Gale to reduce defendants' obligation. During the trial defendants did not introduce, or attempt to introduce, evidence specifically indicating that any profit was in fact ever realized, and the trial judge was thus justified in finding that defendant-appellant was not entitled to any off-setting credit against plaintiff's judgment as a result of the latter's promise in this regard.

██ Defendants' affirmative answers were predicated upon the theory that the parties entered into a series of oral leases, which gave rise to an implied bailment contract between plaintiff and themselves. But the law in this respect is that such an implied contract can arise only where the natural and just interpretation of the acts of the parties warrants such conclusion. A bailment will not be implied where it appears that it was the intention of the parties, as derived from their relationship to each other and from other circumstances of the case, that the property was to be held by one party in some capacity other than as bailee. 8 CJS 247, Bailments § 14.

Plaintiff contends that there was not a leasing arrangement between him and Mrs. Bradley, as owner of the truck, but that he was merely attempting to protect himself as a guarantor in conformity with an agreement by which defendants allowed him to attempt to find work for the truck with third parties.

We have earlier noticed plaintiff's statement that at no time did he either take possession of or operate the truck. Moreover, the record clearly indicates that plaintiff entered into no rental arrangement with third

parties without first submitting the proposed deal to Mr. Bradley and securing his approval. Plaintiff also testified that there was never anything to prevent Mr. Bradley from picking up the truck if he so wished. Defendants do not contradict this statement. Defendant J. G. Bradley admits he did take the truck back and use it during the summer of 1956.

 The evidence taken as a whole is not such as would compel a finding that plaintiff was a bailee or lessee of the truck when negotiating with third parties for the use of the truck.

Defendants' case rests primarily upon the testimony of defendant J. G. Bradley, which consisted in the main of conclusions and which on cross-examination was characterized by evasive answers. Defendant Juanita Bradley did not appear at the trial. Her absence was explained by a current hospitalization, though no excuse for not taking her deposition was offered. J. G. Bradley testified that one Mr. Has was a witness to his claimed leasing agreement made with Mr. Owen in his Eugene office. Mr. Has was not called to testify and his unavailability, if such was the reason, was not explained.

 In the state of this record, we are impelled to the conclusion that the relationship of lessor and lessee or bailor and bailee did not prevail between the parties. In our opinion, it was one more nearly proximating that of principal on the part of Mrs. Bradley and agent on the part of Mr. Owen during the period that Owen was assisting the Bradleys in finding parties to operate the truck. It was for the use and benefit of the Bradleys and secondarily to Owen's benefit, i.e., only to the extent that the fruits of such third-party operations were applied to their debt, which he had guaran-

teed. Indeed, this is the kind of case wherein we must lean heavily upon the findings of the trial judge on disputed questions of fact. The judge below has a better opportunity to evaluate the testimony and we are inclined to accept his judgment, as we do here. *Reeves v. Dickenson,* 208 Or 360, 364, 300 P2d 458 (1956).

The decree is affirmed.