Argued December 3, affirmed December 23, 1970

SHEPHERD, *Appellant, v.* ALLEN,
*Respondent.*

478 P2d 369

*A. J. Morris*, Eugene, argued the cause for appellant. With him on the briefs were Bailey, Hoffman, Morris & Van Rysselberghe, Eugene.

*Randolph Slocum*, Roseburg, argued the cause and filed the brief for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE and BRYSON, Justices.

TONGUE, J.

This is an action in two counts for money had and received. The case was tried before the court, sitting without a jury. The court found that plaintiff had "not proved his causes by a preponderance as to either cause" and that the first count was also barred by the statute of limitations. Plaintiff appeals from the resulting judgment for defendant.

The first count of plaintiff's complaint alleges that on June 6, 1962, plaintiff "advanced" to the defendant $1,200 "to apply against future deliveries of a product known as a nonspillable male urinal"; that the urinals were defective; that defendant delivered only 100 urinals, of which 79 were returned by plaintiff on August 9, 1965; that defendant "thereby became indebted to plaintiff in the sum of $1,139.75," which he refused to pay, despite demands by plaintiff.

The second count alleges that on March 24, 1964, plaintiff "advanced" to defendant the further sum of $2,105, again for "future deliveries"; that no deliveries were made and that defendant has refused to return the $2,105, despite demands by plaintiff.

Since this is an action at law in which the trial court found in favor of defendant, we are re-

quired to accept the truth of all evidence favorable to defendant.

Defendant testified that the payments by plaintiff were not made as "advances," but were payments required to be made at that time under the terms of a written contract between the parties. By the terms of that contract plaintiff was required to make cash purchases of a minimum of 7,715 urinals each year, of which he "must buy one-fourth of yearly quota each quarter, starting as of the date of this agreement."[1] The total of the two payments by plaintiff was less than the amount of this initial required purchase payment.

Plaintiff contends that the trial court erred in that its decision was based upon a finding that "the sums paid were paid as the purchase price of a sale," despite the fact that under the terms of the contract it was also provided that all sales were to be made by written orders and were also to be accepted in writing. Plaintiff also contends that since there were no written orders for urinals at the time of these two payments, it follows that no sales were made when those payments were made and that they must thus be considered as "advances on future deliveries," to be held by defendant as a "bailee."

Defendant testified, however, that the urinals were available at the time of the payments, to be picked up by plaintiff under purchase orders which he was required to make at that time by the terms of the con-

---

[1] Two written contracts were offered in evidence, having different dates. The provision requiring such a cash payment is included in the second contract. There was a conflict of evidence as to the circumstances and date of that contract. Defendant testified, however, that the second contract was executed to replace the first contract approximately 10 days after execution of the first contract on June 6, 1962.

tract. Defendant also testified that he asked plaintiff to pick them up and that although plaintiff said that he would do so, he never did pick them up.

It does not necessarily follow from the fact that plaintiff did not accompany the payments with written orders, as he should have done, together with the fact that the receipt for the first payment recited that it was to apply against future deliveries, that the money, which was required to be paid under the terms of the contract, was held by defendant under a "bailment" in favor of plaintiff.

As held by this court in *Owen v. Bradley*, 231 Or 94, 103, 371 P2d 966 (1962):

> "\* \* \* A bailment will not be implied where it appears that it was the intention of the parties, as derived from their relationship to each other and from other circumstances of the case, that the property was to be held by one party in some capacity other than as bailee."

To the same effect, it was held in *West v. Backus*, 97 Or 116, 122, 189 P 645 (1920), that whether a transaction is to be regarded as a bailment or a sale depends upon the intent of the parties and that:

> "The substance of the agreement, and not its form or the particular expressions employed in it, is controlling, and the intention of the parties must be ascertained from the terms of their contract."

Based upon these authorities it was held by the trial judge that "to imply a bailment from an agreement between the parties is obviously contrary to their intent."

■ The intent of the parties in such a case is a question of fact, to be determined by an examination of the terms of the agreement, in the light of the cir-

cumstances at the time of its execution. We have examined the entire record in this case and find that there was ample evidence to support the finding of the trial judge that to imply a bailment in this case would have been contrary to the intent of the parties.

It follows that there was ample evidence to sustain the finding by the trial court that plaintiff did not prove his case, at least under the theory on which the case was tried.

On appeal plaintiff contends that he was also entitled to recover under a theory of restitution because the urinals were defective and because defendant not only sued the manufacturer for $60,000 in damages for that reason, but settled that case by returning all of the urinals to the manufacturer upon payment of $3,000. Thus, plaintiff contends that since defendant can no longer deliver the urinals which plaintiff was required to purchase, plaintiff is entitled to the return of the payments.

There was testimony, however, from which the trial court could have found that although the original model of the urinal was defective, an improved model, which was not defective, was then developed to replace the defective urinals. There was also testimony that plaintiff himself breached the contract between the parties, not only by failing to make the required minimum payments and purchase, but also by failing to make a reasonable effort to sell the improved model in the territory which had been granted to him as an exclusive territory.

■ Recovery on a theory of restitution is based upon the theory of an "unjust enrichment." See Restatement of the Law, Restitution § 1. This testimony,

among other testimony, provided an ample basis to support a finding by the trial judge that there was no "unjust enrichment" of defendant under the facts of this case. Accordingly, plaintiff was not entitled to recover on a theory of restitution.

It follows that the judgment of the trial court must be affirmed.